502 So.2d 229 (1987)
SUCCESSION OF Mattie Smith THOMPSON, Edith N. Williams, Administratrix, Plaintiff-Appellant,
v.
Curtis HARRINGTON, Defendant-Appellee.
No. 86-204.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
*230 Lauri G. Boyd, Ferriday, for plaintiff-appellant.
V. Russell Purvis and George Griffing, Jonesville, for defendant-appellee.
Before DOUCET, LABORDE and KING, JJ.
LABORDE, Judge.
Curtis Harrington, appellee, brought a rule to show cause against Edith Nugent Williams, administratrix of the succession of Mattie Smith Thompson, asking the District Court under an exception of improper venue to transfer the succession proceedings from Catahoula Parish to LaSalle Parish. After hearing the evidence, the trial judge sustained the exception of improper venue and ordered the proceeding transferred to the 28th Judicial District, Parish of LaSalle. From this judgment Williams has appealed. Harrington answered the appeal, seeking damages for frivolous appeal. We affirm.

FACTS
Mattie Smith Thompson died in Catahoula Parish in April of 1985. In November of 1984, Thompson allegedly moved most of her personal belongings to Catahoula Parish where she resided in the home of her niece, Edith Nugent Williams. Until her death, Thompson also owned a home in Tullos, LaSalle Parish, Louisiana, which she maintained as her domicile prior to residing with Williams. At her home in Tullos, Thompson maintained the utilities, including telephone service. She received mail and maintained bank accounts in Catahoula and LaSalle parishes. She was registered to vote in LaSalle Parish, but had not exercised that right since 1981.
Appellant contends that Thompson had been living with her for six months and intended to remain in Catahoula Parish permanently. The appellant further testified that Thompson had resided with other relatives prior to living with her along with staying at home in LaSalle Parish and also in the hospital. Appellant further testified that most of Thompson's personal belongings were in the appellant's home and that when Thompson was physically able, she would sell her home in LaSalle Parish and move the rest of her belongings into an apartment owned by appellant.
Appellee contends that Thompson never intended to change her domicile to Catahoula Parish. The appellee points to the home in LaSalle Parish which was still maintained in full working order and that at no time prior to Thompson's death was it *231 put up for sale. The appellee also entered into evidence a letter postmarked December 5, 1984, written to appellee by the decedent stating "... she sent for me. I was going to stay at home, but ... was so sick an [sic] she don't like to stay here by herself ..."
The question presented by this appeal is whether the decedent changed her domicile from LaSalle Parish to Catahoula Parish. LSA-C.C. art. 38 provides that the domicile of a citizen is the parish of his principal establishment or habitual residence. To effect a change in domicile from one parish to another requires actual residence in another parish, together with the intention of making a principal establishment there and of abandoning the former domicile. LSA-C.C. art. 41; Temple v. Jackson, 376 So.2d 972 (La.App. 1st Cir. 1979); In re Kennedy, 357 So.2d 905 (La. App. 2d Cir.1978). This intention is proved by either an express declaration of an intent to change before the recorder of the parishes or by proof showing a change in circumstances. LSA-C.C. arts. 42, 43; Brown v. Brown, 378 So.2d 164 (La.App. 1st Cir.1979). The circumstances indicating establishment of a domicile include: "where a person sleeps, takes his meals, has established his household, and surrounds himself with his family and the comforts of domestic life." Succession of Rhea, 227 La. 214, 78 So.2d 838 (1955); Charbonnet v. Hayes, 318 So.2d 917 (La. App. 4th Cir.1975). The law is well settled that the party who seeks to establish a change of domicile bears the burden of proving it. In re Kennedy, 357 So.2d at 909. Furthermore, as long as there is any doubt concerning whether a change of domicile has occurred, the presumption is that the domicile has not been changed. Succession of Simmons, 109 La. 1095, 34 So. 101 (1903); Succession of Barger, 217 So.2d 779 (La.App. 4th Cir.), writ refused, 253 La. 877, 220 So.2d 459 (1969).
In Barger, the facts are similar to those in the instant case. Mrs. Barger owned a home in Ascension Parish. On January 4, 1967, she went to New Orleans to visit with a friend. From there she moved into a nursing home in Jefferson Parish on May 16, 1967, where she resided until her death on February 1, 1968. Mrs. Barger still maintained her home in Ascension Parish even though she was not able to return to it due to her poor health. The court in Barger held that there had not been a change of domicile.
In the instant case, the decedent was also in poor health and unable to fully care for herself. Testimony at trial reflects that the decedent was being administered insulin, was having trouble seeing, and was unable to stay by herself for any extended period of time. While it is true that the decedent brought most of her personal effects with her to appellant's house, we do not find that sufficient to show a change in domicile. Nor do we feel the testimony of the appellant that decedent intended to make her permanent home in Catahoula Parish sufficient proof of intent. Besides staying with appellant for six months, no other intention was implied by decedent. The only written evidence of the decedent's intention is a letter to appellee stating that she wanted to go home. Furthermore, Thompson had a home in LaSalle Parish fully maintained which she could have returned to had she been physically able without having to obtain anyone's permission. Fielding v. Casualty Reciprocal Exchange, 331 So.2d 186 (La.App. 3d Cir.), writ den., 334 So.2d 217 (La.1976). After a thorough review of the record, it is clear to us that the decedent's change of residence was brought about due to health reasons rather than an intent to change her domicile. The appellant has not borne the burden of proving a change in domicile. Consequently the Civil District Court for the Parish of Catahoula lacked jurisdiction to administer her succession and properly transferred the suit to LaSalle Parish. LSA-C.C.P. art. 2811; Succession of Guitar, 197 So.2d 921 (La.App. 4 Cir.1967).
The only issue remaining is disposition of appellee's demand for frivolous appeal. LSA-C.C.P. art. 2164 provides an award for damages for frivolous appeal. *232 Appeals are favored, and damages for frivolous appeal are allowed only where the appeal was taken solely for purposes of delay or where counsel did not seriously believe in the position she advocates. Guidry v. Carmouche, 320 So.2d 267 (La.App. 3rd Cir.1975).
We conclude that appellant believed in the view she advocated and that such view was not entirely unreasonable. Hence, we deny appellee's claim for damages for frivolous appeal.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.