571 So.2d 885 (1990)
SUCCESSION OF John L. LAURICELLA, Jr.
No. 90-CA-526.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
*886 Beychock, Miller and Freeman, Robert L. Freeman, Baton Rouge, in pro. per.
McGlinchey, Stafford, Cellini & Lang, P.C., Thomas P. Anzelmo, Daniel J. Daigle, New Orleans, for John L. Lauricella, III, Testamentary Executor for the Succession of John L. Lauricella, Jr.-appellee.
Before CHEHARDY, C.J., and GRISBAUM and DUFRESNE, JJ.
CHEHARDY, Chief Judge.
This is an appeal from a judgment establishing decedent's domicile in a succession proceeding. We affirm.
John L. Lauricella, Jr., died testate on May 29, 1989 in Covington, St. Tammany Parish, Louisiana. His succession was opened and last will and testament admitted to probate in Jefferson Parish, deceased's domiciliary parish, on June 8, 1989. Robert L. Freeman, a succession creditor, filed opposition to the petition for probate, arguing that decedent had changed his domicile from Jefferson to St. Tammany and that venue for the succession proceeding lay in St. Tammany Parish.
After testimony and argument on the rule to show cause, the trial judge found no proof of decedent's intent to change his domicile from Jefferson to St. Tammany Parish. He dismissed the opposition motion. The creditor, Freeman, appeals. He reurges the argument identical to that set forth in opposition motion: factual indicia prove that decedent changed his domicile from Jefferson to St. Tammany Parish prior to his death.
A succession proceeding is properly brought only in the parish where decedent *887 was domiciled at the time of his death. LSA-C.C.P. art. 2811. The domiciliary parish is that where the decedent had his principal establishment/habitual residence at the time of his death. LSA-C.C. arts. 38, 41.
The joint stipulation of facts introduced at the motion hearing established unequivocally that the decedent was domiciled in Jefferson Parish until 1976. The question before the trial judge and that presented for our review is whether decedent changed his domicile to St. Tammany Parish prior to his death.
The presumption applicable to status is that domicile of origin continues until another is acquired, animo et facto. Succession of Simmons, 109 La. 1095, 34 So. 101 (1903). The party who seeks to avail himself of a change in domicile bears the burden of proving it. A change in domicile is produced by the act of residing in another parish combined with the intention of making one's principal establishment there. LSA-C.C. art. 41; Succession of Barnes, 490 So.2d 630 (La.App. 2 Cir.1986). Intent may be proved by express, written and recorded declaration. LSA-C.C. art. 42. If a declaration is not made, proof of intent shall depend on the circumstances. LSA-C.C. art. 43. The trial court found that intent was not proved. We find no error in this ruling.
At motion the following evidence was indicative of decedent's Jefferson Parish domicile from the late 1970's until his death in 1989. In the last will and testament executed January 1982 and admitted to probate in the instant suit, decedent declared himself to be a domiciliary of Jefferson Parish. In at least three real estate transactions conducted in April 1989 and the trust agreement executed ten days before his death, decedent identified himself as a resident or domiciliary of Jefferson Parish. Decedent was a registered voter in the parish from 1950 until his death. His driver's license, 1988 income tax records and death certificate identify him as a Jefferson Parish resident. Decedent maintained at least two bank accounts in Jefferson Parish.
Decedent served as an appointed Commissioner of the East Jefferson Levee District from 1979 until his death. Significantly, decedent's brother, State Senator Francis E. Lauricella, testified that despite decedent's purchase of a second residence in St. Tammany in the late 1970's, decedent had assured him repeatedly that he was domiciled in Jefferson Parish and intended to remain so domiciled to comply with the requirements of his appointed position.
Decedent's son, John L. Lauricella, III, testified that until 1976 his father had worked as a real estate developer mainly in Jefferson Parish and had resided at the family home on Jefferson Highway, which he owned. In 1985 or 1986 decedent had sold the home to his son though he maintained his telephone and mailing address at the house and had use of the home as he pleased.
Decedent had owned a house in St. Tammany in the late 1970's, but sold it in the early 1980's in connection with the sale of his real estate development holdings. At the time of his death, decedent was living in St. Tammany Parish on Lee Road in a house owned by his son. Mr. Lauricella stated that he had purchased the house as an investment and his father was living there for insurance purposes.
In opposition to the probate proceedings, Mr. Freeman, the creditor, submits that the following are indicia of decedent's change of domicile: in a March 1989 testamentary codicil decedent declared himself to be a resident of St. Tammany Parish; decedent had a checking account in that parish; in connection with a civil lawsuit for breach of a sales contract, out of which Mr. Freeman's creditorship grows, decedent had been served domiciliary at the Lee Road, St. Tammany Parish, address and had not filed a formal exception of venue.
While these indicia are suggestive though in no way conclusive of a change in residence, they do not fulfill the statutory requisites for a change in domicile. Decedent, whether by convenience or choice, was physically living in St. Tammany rather than Jefferson Parish at the time of his *888 death. But physical relocation and residence in the parish is but one element of a domicile. LSA-C.C. art. 41. There is no preponderant proof that decedent intended to establish his principal home there. Acquiescence to domiciliary service of process by failure to file an exception of venue does not equal intent to establish a habitual residence so as to confer domiciliary status.
The party seeking to establish a change in domicile bears the burden of proving that change. So long as a reasonable doubt remains, the presumption is that the domicile has not been changed. Succession of Thompson v. Harrington, 502 So.2d 229 (La.App. 3 Cir.1987); Succession of Barger, 217 So.2d 779 (La.App. 4 Cir. 1969). Here there is quite clearly a reasonable doubt as to decedent's intent to abandon his Jefferson Parish domicile and adopt a St. Tammany Parish domicile. We therefore agree with the trial court that decedent, John E. Lauricella, Jr., was domiciled in Jefferson Parish at the time of his death and find that the opposition to the succession proceeding was properly dismissed.
The district court judgment is affirmed. Costs are to be borne by the succession.
AFFIRMED.