591 So.2d 788 (1991)
James W. WILLIAMSON
v.
Charlie KOVAC d/b/a Laddis Lounge, et al.
No. 91-CA-485.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1991.
James K. Gaudet, Gretna, for plaintiff/appellant.
Michael H. McIntire, Noel E. Vargas, II, New Orleans, for defendant/appellee.
Before BOWES, GAUDIN and DUFRESNE, JJ.
BOWES, Judge.
Appellant, James Williamson (hereinafter "Williams"), appeals a summary judgment in favor of the defendant Britamco Underwriters, Inc. (hereinafter "Britamco"), dismissing the action as to that company defendant. We affirm.
Williamson filed suit against Charlie Kovac, d/b/a The Laddis Lounge, their insurers Illinois Insurance Exchange and Britamco, and Wayne P. Marisco, for injuries received when he was stabbed in the Laddis Lounge by Marisco. Various cross claims and answers were filed. Subsequently, Britamco moved for summary judgment in its favor based on an exclusionary clause in its insurance policy which states as follows:

ASSAULT & BATTERY/NEGLIGENT HIRING EXCLUSION
Notwithstanding anything contained herein to the contrary, it is understood and agreed that this policy excludes claims arising out of:
1. Assault & Battery, whether caused by or at the instructions of, or at the direction of, the insured, his employees, patrons or any causes whatsoever and
2. Allegations of Negligent hiring, supervision, retention or control of employees by or on behalf of the insured.
Following argument and the submission of memoranda, the trial court granted judgment in favor of Britamco. The learned trial judge found that the record, including the affidavits and criminal commitment (showing that Marisco was convicted of aggravated battery pursuant to the action herein), contained no genuine issues of material fact. Williamson appeals.
In addition to the criminal commitment, Britamco submitted the affidavit of defendant Kovac, which essentially stated that *789 he witnessed Williamson and Marisco arguing, and that he tried to calm them down; that Marisco and his girlfriend left the bar and Williamson followed them. Kovac stated in the affidavit that in his opinion, "there were words exchanged between Mr. Williamson and Mr. Marisco in the bar which provoked the fight outside."
Also submitted on the motion was the deposition of Williamson, in which he stated (in pertinent part):
We all got to talking; and I was, you know, basically just walking around talking to everybody. There was fifty or sixty people in there; and I went out about five minutes to twelve to get some, you know, get out of the smoke for a while.
I just opened the door, you know, was standing in the doorway; and Wayne Marisco hit Vicky Trosclair. We had all been sitting there talking together earlier; and he reached into his pocket and pulled a pocket knife; and it looked to me like he was going to stab her with it so I hollered at him.
I don't know exactly what I hollered; and he turned; and he ran toward me and brought the knife up; and I think the first time he caught me in the forehead with the knife; and I went down right there at the door; and he stabbed me, I don't know how many more times, four times in my left eye, twice under the chin, once in the back; and he cut me a couple of times across the chest; and that is about all I remember, you know, till the ambulance got there; and they took me over to Charity Hospital.
We further note that in his petition, plaintiff alleged in paragraph five:
On October 24, 1987 petitioner enterd (sic) the Laddis Lounge to shoot a game of billiards and have a beer before going home after work. When petitioner was about to leave he was attacked by Wayne P. Marisco, suddenly and without provocation, and was stabbed in the eye and about the face.
He also characterized the attack in paragraph seven as "unlawful, unprovoked, and vicious."
Considering these observations and the clear, broad and unambiguous final wording of the exclusionary clause in the policy excluding coverage for assault and battery caused by ... "the insured, his employers, PATRONS or ANY CAUSES WHATSOEVER," at first blush, it would appear that the insurer cannot be held responsible under the facts of this case and that summary judgment in their favor is eminently correct; and we feel that we would be justified in so ruling.
However, on appeal, appellant seeks to raise the issue of intent with regard to the battery, averring that Britamco failed to prove Marisco's intent so, in an abundance of caution, and in order to be sure that appellant is given "his day in court," we will consider that issue. Williamson cites us to the case of Vascocu v. Singletary, 404 So.2d 301 (La.App. 3 Cir.1981), in which the Third Circuit found that summary judgment in favor of an insured, with a similar exclusionary clause, was precluded absent a finding that the defendant intended to harm the plaintiff. In that case there was testimony that the defendant had no intention of shooting anyone, but fired at the floor; further he was being severely beaten by the plaintiff at the time. There are no circumstances present in the case at bar which bring into doubt or at issue the intent of Marisco in this altercation. The pleadings allege and the deposition shows an unprovoked attack. Furthermore, appellant's contention that Britamco failed to prove that Marisco intended to stab him defies logic. By his own account, appellant was stabbed seven or eight times by the defendant. Accordingly, we find that Vascocu is easily distinguishable from the case at bar.
In Tobin v. Williams, 396 So.2d 562 (La. App. 3 Cir.1981), the Third Circuit discussed the issue of intent in the context of intentional torts and found that the bodily injury which that defendant inflicted on that plaintiff was either expected or intended from the standpoint of the defendant, and such a conclusion may be inferred from the circumstances. In that case, Williams drew a loaded .357 magnum pistol *790 and thrust it at Tobin: "Given this conduct any reasonable person would have to conclude that injuries were almost certain to result from such a dangerous course of action."
The court continued:
As set forth in Prosser, Law of Torts (West 1964, pg. 32):
"Intent, however, is broader than a desire to bring about physical results. It must extend not only to those consequences which are desired, but also to those which the actor believes are substantially certain to follow from what he does.... The practical application of this principle has meant that where a reasonable man in the defendant's position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury, or even by the court, as though he intended it...."
Continuing, the court also said:
"The circumstances of the instant case are not unlike those present in Freeman v. Bell, 366 So.2d 197 (La.App. 2nd Cir. 1978). In Freeman, supra, the plaintiff and the defendant, a doorman at a bar, were engaged in an altercation when the doorman pulled out a gun which discharged as they wrestled, injuring the plaintiff. The defendant testified that he had no intention of shooting the plaintiff but only intended to scare him. Our brethern of the 2nd Circuit nonetheless held that an intentional tort was committed, reasoning:
Nevertheless, the doorman's aggressive action in pulling a loaded pistol out of his pocket supports a conclusion that he intended the result which was almost certain to follow. Monk v. Veillon, 312 So.2d 377 (La.App. 3rd Cir.1975); Kipp v. Hurdle, 307 So.2d 125 (La.App. 1st Cir.1975) ...
Similarly, we determine that Williams' aggressive action in pulling out his loaded pistol and pointing it in the direction of Tobin supports the trial court's conclusion that he either `expected or intended' to inflict bodily injury on Tobin."
In contrast, the Fourth Circuit in Johnson v. Hitchens, 518 So.2d 1154 (La.App. 4 Cir.1987), considered a motion for summary judgment on the question of intent and found thusly:
An intentional injury has been defined by our Supreme Court as follows:
An injury is intentional, i.e. the product of an intentional act, only when the person who acts either consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to the result. Pique v. Saia, 450 So.2d 654 (La.1984) at 655.
Clearly that definition requires the determination of subjective factors. Summary judgment is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith. Langlois v. Eschet, 378 So.2d 189 (La.App. 4th Cir.1979), citing, Hall v. Management Recruiters of New Orleans, 332 So.2d 509 (La.App. 4th Cir. 1976); Berger v. Fireman's Fund Insurance Company, 305 So.2d 724 (La.App. 4th Cir.1974); Johnson v. Fairmont Roosevelt Hotel, Inc., 286 So.2d 177 (La. App. 4th Cir.1973); Fontenot v. Aetna Insurance Company, 225 So.2d 648 (La. App. 3rd Cir.1969).
The court then found that a full trial on the merits was in order because the defendant had alleged that she shot plaintiff because she had to stop him from killing her.
In the case before us there are no allegations in the record, beyond some suggestions made by appellant, in his brief, that Marisco acted in self defense, or as the result of provocation;[1] on the contrary, as *791 previously observed, plaintiff has alleged in his verified petition that the attack was unprovoked. Furthermore, we can infer from the fact that the defendant stabbed plaintiff numerous times, that Marisco expected and/or intended the results, i.e., the battery and subsequent injuries. While we agree that summary judgment is rarely appropriate to determine such subjective factors as intent, certain cases such as this one are exceptions to the general rule and are so clear as to obviate further examination.
In Kiefer v. Whittaker, 468 So.2d 587 (La.App. 4 Cir.1985), the Fourth Circuit granted writs and dismissed the insurer on summary judgment. With an almost identical exclusionary clause involved, the court found that injuries caused by a fight were not covered by the policy.
... In this case the language in the policy clearly and unambiguously spells out that no coverage will be afforded for bodily injuries arising out of assault and battery. Therefore, because the pleadings and depositions show that plaintiff's injuries resulted from a beating at the hands of Whittaker, St. Paul is entitled to summary judgment.
In addition to allegations of assault and battery by Whittaker, plaintiff also alleges that New Orleans East Social Club, acting through its respective officers, is liable for various acts of negligence. Even if any negligence of the organization somehow led up to the assault, the injuries plaintiff suffered nevertheless arose out of an assault and battery. Therefore, there is no coverage in this instance either.
We find that the rationale immediately above is correct under the facts and circumstances of this case. The exclusionary clause here is clear, all inclusive and unambiguous and excludes coverage for injuries arising out of assault and battery. The present matter is precisely what the exclusion was meant to encompass; to find otherwise would be a strained interpretation, of an otherwise clear provision.
We are perfectly aware of the law regarding summary judgment:
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Summary procedure should be used cautiously and sparingly; any reasonable doubt should be resolved against mover in favor of full trial on the merits. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co., 427 So.2d 1152 (La.1983); Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). Moreover, it is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith. Johnson v. Hitchens, 518 So.2d 1154 (La. App. 4th Cir.1987), reh den.

Penalber v. Blount, 550 So.2d 577 (La. 1989).
However, in the case before us, because of the absence of anything in the record which would bring into doubt the intent of Marisco relative to the intentional battery, this case is ripe for summary judgment, and we find no error by the trial judge in granting it.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] The affidavit submitted states that it was Kovac's "opinion" that words exchanged between appellant and Marisco provoked the fight. These "words" were never quoted, even by Williamson, and in any case it does not appear that any verbal exchange would operate as "provocation" for a stabbing. We do not find this affidavit to be of any value in the present consideration.