625 So.2d 530 (1993)
Bryan SCHEXNAYDER, Ronald Lindsey, and Mark Schexnayder
v.
FED VENTURES, d/b/a Club Neo Beach and Essex Insurance Company.
No. 93-CA-282.
Court of Appeal of Louisiana, Fifth Circuit.
September 28, 1993.
*531 Dennis S. Mann, Mark S. Goldstein, Howard, Laudumiey, Mann, Reed & Goldstein, New Orleans, for plaintiffs/appellees.
Al M. Thompson, Jr., Hulse, Nelson & Wanek, New Orleans, for defendant/appellant Essex Ins. Co.
Before WICKER, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
This is an appeal by defendant, Essex Insurance Company, (Essex) from a decision of the trial court denying a motion for summary judgment. The motion, filed by Essex, asserted that coverage provided in a policy written by the company did not include the claims made by plaintiffs.
This matter originated with a petition filed by plaintiffs in which they allege they suffered "grievous bodily injury due to excessive force used by the manager and employees of Club Neo Beach" after a misunderstanding as to the price of a drink. The petition further alleges defendants are liable on the following theories of negligence:
"A. Through the negligence of its agents and/or employees in using excessive force in ejecting plaintiffs from the premises.
B. For failure to adequately train and/or supervise its employees in procedures for dealing with customers when a misunderstanding occurs, including use of measures appropriate to the situation, use of measures alternative to violence, and the use of law enforcement officials when the situation demands it.
C. Negligence in hiring the employees involved in the incident complained of, including failure to appropriately screen them given their previous employment histories and criminal records, to the extent applicable.
In a supplemental and amending petition plaintiffs made the additional claim that FED Ventures was negligent for failing to provide adequate security to protect its patrons from bodily injury.
Plaintiffs filed this action against FED Ventures as owner of the Club Neo Beach and its Insurer, Essex Insurance Company. Essex answered the petition admitting that it issued a policy of liability insurance to FED Ventures, Inc., but it asserts that the policy "excludes coverage for the claims made subject of this lawsuit".
*532 Plaintiffs filed a motion for partial summary judgment seeking a declaration that, as a matter of law, the policy provided coverage. The trial court granted that motion and the defendants filed an application for a writ of review in this court. The matter was considered and the following disposition was rendered:
"The question of whether the "excessive force" used against the plaintiffs was intentional (i.e. battery) or negligent remains a genuine issue of material fact on the showings made to this Court; thus, the matter is not ripe for summary judgment. Accordingly, the judgment granting plaintiffs' motion for partial summary judgment is remanded for further proceedings."
91-CA-494 (La.App. 5th Cir. July 29, 1991)
The matter proceeded in the District Court with the taking of depositions of the three plaintiffs. Subsequently the defendant, Essex, filed a motion for summary judgment moving for a dismissal of all claims against it, again on the ground that the policy excluded coverage for the claims made. Essex' argument is, briefly stated, that the claims made by plaintiff constitute assault and battery charges against the defendant, Club Neo Beach, and are, therefore, excluded by the policy. The policy in question provides coverage as follows:
A. The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (a) bodily injury, or (b) property damages to which this insurance applies, caused by an occurrence, if the bodily injury or property damage is included within the complete operations hazard, or the products hazard, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or judgment or defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgment or settlement.
The policy contains the following pertinent exclusions:

HIRING/SUPERVISION EXCLUSION It is understood and agreed that claims, accusations, or charges of negligent hiring, placement, training or supervision rising from actual or alleged assault or battery are not covered and no duty to defend any insured from such claims, accusations, or charges is provided.

ASSAULT AND BATTERY EXCLUSIONIt is agreed that the insurance does not apply to bodily injury or property damage arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.
After a hearing the trial court denied Essex' motion. The matter was again referred to this court on an application for writ of review in which Essex sought to have the decision of the trial court denying the motion for summary judgment overturned. On review, this court stated:
WRIT DENIED
On the showing made, we see no error in the trial court judgment that genuine issue of material fact exist precluding the grant of summary judgment. Accordingly, we decline to exercise our supervisory jurisdiction at this time.
92-C-1086 (La.App. 5th Cir. January 5, 1993)
Essex applied for a writ of review in the Louisiana Supreme Court. That writ was granted and the matter was remanded to this Court for briefing, argument and opinion 613 So.2d 984. An order was issued by this Court in accordance with that mandate. This appeal is the result of that order.
On appeal Essex reiterates its argument that the policy excludes claims for damages arising from assault and battery and negligent hiring. Appellees do not present any arguments concerning the exclusionary clause relative to the negligent hiring and training claims. They argue only one issue, that of intent.
Testimony in the depositions reveal that all three plaintiffs and several other friends *533 were celebrating the upcoming marriage of Bryan Schexnayder by attending a bachelor party in his honor. The group began the evening earlier by visiting several night spots in a rented bus. In the early morning hours after the party several members of the group met up with their wives and/or girlfriends at the Club Neo Beach.
The incident in the Club Neo Beach began with a discussion between Celeste Lindsey, wife of plaintiff Ronald Lindsey, and an employee of the establishment regarding the price of a drink. Ronald Lindsey testified that he did not hear the discussion, but he saw his wife talking to three other men. He went over to ask what happened and felt several blows to his back. He was then escorted out of the club by the men. He testified that he covered his head and tried to protect himself and could only see "hands and feet flying." He was knocked to the floor and was hit and kicked, mostly in the back. Once outside he told his wife to get into their car and she did so. At this point Mr. Lindsey testified that he, "saw his friend Mike come out of the bar with a bunch of people around him with hands and feet flying." Mr. Lindsey went over to help his friend to the car and was again subjected to a beating.
Bryan Schexnayder testified that he was sitting at a table with some of the group. He looked over and saw Ronald Lindsey on the ground being hit and kicked. Bryan got up, went over to see what was going on and was immediately encompassed in the altercation. He testified that he was hit in the chest and knocked up against a wall. In a effort to protect himself he got into the fetal position on the ground. He testified that someone continued to hit and kick him after he was on the ground. He was then picked up and escorted out of the bar. Outside the bar, on a deck there were ten or fifteen people. Some of the individuals walked over to Bryan and the fight began again. Bryan was knocked unconscious as a result of the blows.
Mark Schexnayder testified that he was dancing in the bar when friends informed him that there was some trouble. He went outside and observed several groups of individuals. In one of the groups he saw his brother, Bryan, being beaten and kicked so he attempted to help. Mark testified that he tried to pull his brother out of the ruckus. He was beaten and rendered unconscious.
We are well aware of the factors to be considered in the review of a decision on a summary judgment. The law is well settled in that summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions, and supporting affidavits show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Butler v. Reeder, 615 So.2d 1120 (La.App. 5 Cir.1993). Summary judgment is a procedure which should be used cautiously and sparingly; any reasonable doubt should be resolved against mover in favor of a full trial on the merits. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co., 427 So.2d 1152 (La.1983); Williamson v. Kovac, 591 So.2d 788 (La.App. 5 Cir. 1991). Furthermore, it is rarely appropriate to decide a matter in a summary proceeding when the determination is based on subjective facts such as intent, motive, malice, knowledge or good faith. Johnson v. Hitchens, 518 So.2d. 1154 (La.App. 4th Cir.1987); Williamson v. Kovac, supra.
This court considered the effect of similar exclusionary clauses under similar circumstances in Williamson v. Kovac, supra. In that case, as in the instant case, the issue of intent with regard to battery is the focus of the argument against the grant of summary judgment. In Williamson, at 791, we observed that, "(W)hile we agree that summary judgment is rarely appropriate to determine such subjective factors as intent, certain cases as this one are exceptions to the general rule and are so clear as to obviate further examination."
The Fourth Circuit has recently examined an identical assault and battery clause in Alvarado v. Doe, 613 So.2d 166 (La.App. 4th Cir.1992), writ. den. 614 So.2d 64 (La.1993). In that case there was an altercation between a customer, (plaintiff) and an employee, (Teaney) of a bar. The same assertion was made by the plaintiff in that case; that the question of intent as to the battery was a genuine issue of material fact left to be decided, *534 thereby precluding summary judgment. In that case the court stated:
The exclusion in this policy is clear. The insurance does not apply to bodily injury arising out of 1) assault and battery or 2) out of any act or omission in connection with the prevention or suppression of an assault and battery. This is so regardless of who precipitated the incident, whether an employee or a customer or anyone else. There is a difference between the versions of plaintiff and Teaney, but there is no issue of material fact. If plaintiff's version is believed, his injuries arose out of an assault and battery perpetrated by Teaney. If Teaney's version is believed, plaintiff's injuries arose out of Teaney's attempt to prevent or suppress plaintiff's assault and battery on him. In either case there is no insurance coverage.
Alvarado v. Doe, supra at 171.
We find the rationale in these cases to be applicable in the instant matter. Although the allegations contained in the petition are couched in terms of negligence, and there are no specific allegations that the actions of defendant's employees were unprovoked, intentional attacks, we believe the circumstances as described in the depositions by all three plaintiffs constitute battery. To find otherwise defies logic. The exclusionary clauses are clear and unambiguous. The alleged actions by defendants are precisely the claims excluded from coverage under the assault and battery exclusion. For the foregoing reasons we reverse the judgment of the trial court and enter a judgment in favor of Essex dismissing plaintiff's claim against it.
REVERSED AND RENDERED.