11 ARMSTRONG, Judge.
Plaintiff, Mrs. Clementine Taylor [1], appeals from a summary judgment rendered against her, dismissing her uninsured motorist claim against defendant, State Farm Mutual Automobile Insurance Company (State Farm). We now reverse and remand.
On June 20,1991, Demetria Taylor and her mother, Mrs. Clementine Taylor, were injured when their vehicle, owned and operated by Demetria, was rear ended by the car driven by defendant, Alex Sider. Mother and daughter sued Sider[2] in negligence and State Farm as Demetria’s UM insurer.
Upon discovering that Sider was uninsured, State Farm tendered the $10,000 limits of UM coverage under Demetria’s policy to the plaintiffs. Subsequently, Mrs. Taylor made demand upon State Farm under the UM provision of the policy covering the vehicle owned by her husband, James Taylor.
RState Farm denied liability, claiming that because Mrs. Taylor’s husband’s vehicle was not involved in the accident and she was not an “insured” under the terms of her husband’s policy, there was no coverage. The trial court agreed and granted summary judgment.
Appellate courts review summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). While a motion for summary judgment is not to be used as a substitute for trial on the merits, Oller v. Sharp Elec., Inc., 451 So.2d 1235 (La.App. 4 Cir.1984), writ denied, 457 So.2d 1194 (La.1984), summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B).
To satisfy its burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that any real doubt as to the existence of a genuine issue of material fact is excluded. Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981); Dibos v. Bill Watson Ford, Inc., 622 So.2d 677, 680 (La.App. 4 Cir.1993).
A fact is material if it is essential to a plaintiff’s cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir.1992), writ not considered, 613 So.2d 986 (La.1993).
The issuance of a summary judgment was appropriate, according to State Farm, because Mr. Taylor’s vehicle was not involved in the accident and since Mrs. Taylor was not living with her husband at the time of the accident, she did not meet policy definitions of “insured” or “spouse.”
13Mrs. Taylor argues that a genuine issue of material fact remains which precludes summary judgment, as evidenced by facts *1285 alleged in her affidavits and other documentary evidence submitted in opposition to State Farm’s motion.
In support of its argument, State Farm introduced the policy insuring Mr. Taylor’s car which defined “insured” as:
[T]he person, persons or organization defined as insureds in the specific coverage.
State Farm points out that the declarations sheet of the policy names only Mr. Taylor as an insured and lists his vehicle, not his daughter’s, as an insured auto.
Continuing, State Farm cites the policy’s definition of “spouse”:
[Y]our husband or wife while living with you.
State Farm maintains that in her July, 1992, deposition Mrs. Taylor freely admitted that Mr. Taylor moved out of their marital domicile in March, 1991, more than three months prior to the accident. As additional corroborative evidence State Farm introduced a copy of Mrs. Taylor’s petition for divorce[3]. The petition was filed July 1,1993. Paragraph IV recites:
Petitioner and defendant separated on March 2,1991 and they have resided separate and apart since that time.
State Farm maintains that Mrs. Taylor’s deposition and the allegations in the petition for divorce prove there is no genuine issue of material fact as to whether she was an insured under Mr. Taylor’s coverage, i.e., she was not “living with” him as contemplated by the terms of the policy.
Conversely, Mrs. Taylor complains that the grant of summary judgment was improper for two reasons. First, citing Schexnayder v. Fed Ventures, 625 So.2d 530, 533 (La.App. 5th Cir.1993), she argues that it is rarely appropriate to decide a matter in a summary proceeding when the determination is based on subjective facts such as intent, motive, malice, knowledge or good faith. Mrs. Taylor claims her facts show she was “living with” her husband at the time of the accident so as to satisfy policy requirements. |4Second, she claims State Farm’s criteria for defining spouse as “while living with you ” is incorrect. Instead, she advocates the Louisiana Supreme Court’s test as articulated in Bearden v. Rucker, 437 So.2d 1116 (La.1983):
[T]he question of whether a spouse is a ‘resident of the same household’ as the spouse named in the policy, in the context of whether the former remains covered under the family automobile policy issued to the named spouse, is not solely dependent upon whether the couple is living under the same roof. Rather, the emphasis is upon whether there remains ‘membership in a group rather than an attachment to a budding;’ and it is ‘a matter of intention and choice’ rather than one of location, (citation omitted).
Id. at 1121.
As proof she was “living with” her husband at the time of the accident and that she meets the Bearden criteria, Mrs. Taylor offered cancelled checks and two affidavits— hers and Mr. Taylor’s.
The combined recitations of the affidavits indicate that at the time of the accident, the Taylors had been married 21 years. They maintained a joint checking account, funded by Mr. Taylor, which bore the municipal address of the marital domicile. From this account they paid household and living expenses, house and car notes. They maintained this account for more than a year after the accident. The affidavits further state that when Mr. Taylor left the matrimonial domicile on March 2,1991, it was only to stay temporarily with a friend, as he had done on a previous occasion. He left clothing and personal effects at the marital domicile and could return at will. Mr. Taylor established no other permanent residence prior to August, 1991 because he and his wife intended to “reconcile and resume living together.” Finally, the Taylors took no action to obtain a legal separation, divorce, or terminate the community until 1993.
State Farm asserts that Mrs. Taylor judicially confessed in her petition for divorce that she had been living separate and apart *1286 from her husband more than three months prior to the accident and, citing La.C.C. art. 1853, should be bound by that judicial confession. La.C.C. art. 1853 states:
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.
15State Farm asserts that the plaintiff’s factual allegation in her divorce petition that she and Mr. Taylor had lived separate and apart since March 2, 1991 was a judicial confession as contemplated by La.C.C. art. 1853. We disagree. Revision Comment-1984(c) to C.C. art. 1853 states that “factual allegations made in other proceedings ... do not constitute judicial eonfession[s].” The plaintiffs factual allegation of living separate and apart from Mr. Taylor was not made in the instant proceeding, but in the divorce proceeding. It was not a judicial confession but an “extra-judicial” confession which does not bind the claimant in subsequent litigation. Alexis v. Metropolitan Life Ins. Co., 604 So.2d 581 (La.1992); Succession of Turner, 235 La. 206, 103 So.2d 91 (1958). A party who has made such an admission in a previous suit is not barred from denying the facts contained therein in a subsequent suit unless the adverse party has been prejudiced by its reliance on that admission. Alexis, 604 So.2d at 582. There is no evidence that State Farm relied on the admission to its prejudice. Therefore, the admission is simply to be given the probative value it deserves as an admission of the party who made it. Id. See La.C.E. art. 801(D)(3).
Considering all of the evidence, there remains a genuine issue of material fact as to whether Mrs. Taylor was “living with” her husband at the time of the accident. Summary judgment was improper.
For the foregoing reasons, we reverse the judgment of the trial and remand the case for farther proceedings.

REVERSED AND REMANDED.

. There is a discrepancy in the spelling of Mrs. Taylor's first name. Some pleadings spell her name “Clementine" while other pleadings, as well as preprinted bank checks and her signature indicate the spelling as “Climentine.”

. The plaintiffs also sued Sider's employer and the employer’s insurer under a theory of respon-deat superior. Employer and insurer were dismissed via summary judgment; however, that judgment forms no part of this appeal.

. The Taylors’ divorce decree was rendered July 22, 1994. State Farm's motion for summary judgment was heard and granted April 13, 1995.