CHARLES A. GIBSON, SR.                    NO. 23-CA-414

VERSUS                                    FIFTH CIRCUIT

BYRON L. LEE AND HON. JON A.              COURT OF APPEAL
GEGENEHIMER, JEFFERSON PARISH
CLERK OF COURT                            STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 844-822, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING

August 28, 2023

5:06 pm

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, Robert A. Chaisson, Stephen J. Windhorst, and John J. Molaison, Jr.

<u>**AFFIRMED**</u>
**SJW**
**SMC**
**JGG**
**RAC**
**JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

_Alexis Barteet_
Alexis Barteet
Assistant Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
CHARLES A. GIBSON, SR.
  Stephen M. Gele
  Andre M. Stolier

COUNSEL FOR DEFENDANT/APPELLEE,
BYRON L. LEE
  William P. Gibbens
  Gwyneth A. O'Neill

**WINDHORST, J.**

Appellant/plaintiff, Charles A. Gibson, Sr., seeks review of the trial court's August 21, 2023 judgment denying his petition objecting to the candidacy of appellee, Byron L. Lee, candidate for office of Jefferson Parish Council, District 3. For the reasons that follow, we affirm.

**PROCEDURAL HISTORY and EVIDENCE**

On August 8, 2023, Byron Lee filed a Notice of Candidacy ("the Notice") seeking to qualify for the office of Jefferson Parish Council, District 3.

On August 17, 2023, plaintiff filed a petition objecting to the candidacy of Mr. Lee. He asserted that section 2.03 A(1) of the Jefferson Parish Charter provides that all candidates for Parish Council shall have been legally domiciled and have actually resided, for at least the preceding year in the council district from which the candidate seeks election. Plaintiff averred that pursuant to La. R.S. 18:492 A(3), Mr. Lee did not meet the qualifications for the office he seeks in the primary election. Plaintiff contended that on the Notice, Mr. Lee listed his domicile as 40 Gainswood Drive East, Marrero, LA 70072. Upon information and belief, Plaintiff asserted that Mr. Lee is domiciled and actually resides at 2125 Hyde Park, Harvey, LA 70058, which is not in District 3.

Plaintiff averred that Mr. Lee is currently married to Karen Thompson Lee. Mr. Lee filed a Petition for Divorce on December 29, 2022, which is pending in the Twenty-Fourth Judicial District Court, docket number 836-303, Division H. In his petition for divorce, Mr. Lee alleged that his last matrimonial domicile with Mrs. Lee was at 40 Gainswood Drive East, Marrero, LA 70072. He asserted that they separated on or before June 1, 2022, and have lived separate and apart continuously since that date which is more than 180 days. Plaintiff contended in his objection that Mr. Lee judicially confessed that he did not actually reside at the address at which

he was qualified and the Hyde Park address is not within the boundaries of Jefferson Parish Council, District 3.

Plaintiff contended that at the time he filed his Notice, Mr. Lee did not meet the following qualifications: (1) Mr. Lee certified that his domicile was 40 Gainswood Drive East, Marrero, LA 70072, when he has not been domiciled at the same address since at least June 2022; (2) Mr. Lee has not been domiciled in District 3 for a period of one year prior to qualifying for office as required by law; (3) Mr. Lee has not actually resided in District 3 for a period of one year prior to qualifying; and (4) Mr. Lee currently lives, resides, and is domiciled at 2125 Hyde Park, Harvey, LA 70058. Accordingly, plaintiff requested that Mr. Lee be disqualified and removed from the October 14, 2023 ballot.[1]

The matter came for an evidentiary hearing on August 21, 2023, wherein plaintiff and Mr. Lee were called to testify. Plaintiff testified that he is a qualified registered voter in Jefferson Parish, District 3, and he filed the petition objecting to Mr. Lee as a candidate for Jefferson Parish Council, District 3.

Mr. Lee testified that his residence and domicile is at the Gainswood Drive address. He testified that he has another residence at the Hyde Park address which he rents month-to-month.[2] Mr. Lee testified that he has an upstairs suite at the Gainswood Drive address where he sleeps on multiple occasions, and has always slept in the past. He stated numerous times that he could not quantify how many times he has slept at the Gainswood Drive address versus the Hyde Park address. He asserted that he has personal belongings and clothes at both residences and provides routine maintenance at the Gainswood Drive address. He also stated that he receives his personal mail at the Gainswood Drive address and election or

---

[1] In response, Mr. Lee filed an exception of no cause of action and plaintiff filed an opposition. Prior to the hearing on plaintiff's petition, the trial court heard argument on the exception of no cause of action, which was denied. The parties did not appeal this ruling.

[2] He testified that he does not have a written lease at the Hyde Park address.

business mail at a P.O. Box. He does not receive mail at the Hyde Park address. He further testified that he entertains at the Gainswood Drive and Hyde Park addresses, as well as at his office.

When questioned about his petition for divorce, Mr. Lee testified that prior to filing, he stayed overnight at the Gainswood Drive address on multiple occasions for various reasons because it was his home (*i.e.*, Karen was out of town, family events, guests were in town, or for a multitude of other reasons). When he filed the divorce petition, he had no intent to abandon the residence at Gainswood Drive as his domicile. He further testified that no further proceedings have occurred since filing. The trial court stated that service was not requested or served on Karen, and defense counsel herein for Mr. Lee stated that the action is no longer pending.

In support of his testimony that he resides and is domiciled at the Gainswood Drive address, Mr. Lee testified, and submitted evidence without objection, that he claims a homestead exemption on this property, he pays the property taxes on the Gainswood property, he receives mail at the Gainswood Drive address, he pays homeowners insurance on the Gainswood Drive property and actively engages in general maintenance of the property. Mr. Lee also submitted evidence which showed that he uses the Gainswood Drive address on his driver's license, vehicle registrations, and car insurance policies.

At the conclusion of the hearing, the trial court found that Mr. Lee is domiciled and actually resides at the Gainswood Drive address. The trial court denied plaintiff's petition and found that Mr. Lee met the qualifications as a candidate for Jefferson Parish Council, District 3. This appeal followed.

**LAW and ANALYSIS**

The Louisiana Election Code, La. R.S. 18:451, requires a candidate to meet the qualifications for the office sought at the time of qualification for the office:

23-CA-414                                3

A person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the election. Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office. In the event that the qualifications for an office include a residency or domicile requirement, a candidate shall meet the established length of residency or domicile as of the date of qualifying, notwithstanding any other provision of law to the contrary….

In addition, Section 2.03 A(1) of the Jefferson Parish Home Rule Charter sets forth requirements regarding the qualifications necessary to become a member of the Council:

A Council member shall be a qualified elector of the parish and shall have been legally domiciled and have actually resided in the parish for at least one year immediately preceding the time of qualifying for office in an area which, at the time of qualification, is within the district.

Thus, in order to be eligible to run for councilman, Mr. Lee must have been a qualified elector of the parish, and legally domiciled in and actually resided in the district in which he intends to run. On appeal, plaintiff challenges the trial court's conclusion that Mr. Lee *actually resided* in District 3 for at least one year prior to qualifying for this office as required by law.

The Louisiana Supreme Court has long held that the purpose of the election process is to provide the electorate with a wide choice of candidates. Becker v. Dean, 03-2493 (La. 9/18/03), 854 So.2d 864, 869; Williams v. Ragland, 567 So.2d 63 (La. 1990). Because encouraging qualification is an integral component of the process, laws regulating the process must be interpreted with this purpose in mind. Becker, 854 So.2d at 869. Therefore, the interests of the state and its citizens are best served when election laws are interpreted so as to give the electorate the widest possible choice of candidates. Rich v. Martin, 259 So.2d 113, 116 (La. App. 1 Cir. 1971).

To further this policy, a person challenging candidacy has the burden of proving that the candidate is disqualified. Lumar v. Lawson, 20-251 (La. App. 5 Cir. 8/10/20), 301 So.3d 1243, 1249, writ denied, 20-994 (La. 8/13/20), 300 So.3d

23-CA-414                                      4

868. In addition, the laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Dixon v. Hughes, 587 So.2d 679, 680 (La. 1991). Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Id.

Appellate courts review findings of fact under the manifest error or clearly wrong standard. North v. Doucet, 18-437 (La. App. 5 Cir. 8/1/18), 253 So.3d 815, 818. Issues of law are reviewed simply for legal correctness. Id.

An individual's domicile is defined as his or her habitual residence. La. C.C. art. 38. In the absence of an habitual residence, any place of residence may be considered one's domicile at the option of persons whose interests are affected. La. C.C. art. 39. While it is possible to have several residences, an individual only has one domicile. La. C.C. art. 39; Becker, 854 So.2d at 871.

The Louisiana Supreme Court has applied the interpretation of the term "actually domiciled" to the phrase "actually resided" in La. R.S. 33:384, and determined that the inquiry of whether someone "actually resides" in a particular place should focus on whether plaintiff established that the residence at issue is a fictitious residence rather than a real residence. Becker v. Dean, 854 So.2d at 872; Russell v. Goldsby, 00-2595 (La. 9/22/00), 780 So.2d 1048, 1052.

Because the Jefferson Parish Home Rule Charter uses the phrase "actually resided" in a context virtually identical to that in La. R.S. 33:384, and as interpreted in the Becker and Russell cases, we apply the same standard to the facts of this case. Accordingly, the pertinent inquiry in the instant case is whether plaintiff established that Mr. Lee's home at 40 Gainswood Drive East, in Marrero is a fictitious residence rather than a real residence.

In determining domicile, Louisiana courts have held that a party's uncontroverted testimony regarding his or her intent "may be sufficient to establish domicile, in the absence of any documentary or other objective evidence to the

contrary." Landiak v. Richmond, 05-0758 (La. 3/24/05), 899 So.2d 535, 543; Lumar, 301 So.3d at 1257-58. In addition, some types of documentary evidence commonly considered by courts to determine domicile include voter registration, homestead exemptions, vehicle registration records, driver's license address, statements in notarial acts, and evidence that most of the person's property is housed at that location. The more of these items presented by a party opposing candidacy in a given case to show a lack of domicile in the district, the more difficult it will be for the candidate to overcome the plaintiff's evidence. Landiak, 899 So.2d at 543-44; Lumar, 301 So.3d at1258; Graham v. Prevost, 15-1033 (La. App. 4 Cir. 9/29/15), 176 So.3d 1142, 1145. Conversely, a candidate who presents documentary evidence of this type to support his claimed domicile, the more difficult it will be for a party seeking to disprove the candidate's domicile. We believe this type of evidence and testimony is also relevant to determine whether Mr. Lee's home at 40 Gainswood Drive East, in Marrero is a fictitious residence rather than a real residence.

In the instant case, the evidence indicates Mr. Lee's domicile is 40 Gainswood Drive East, Marrero, Louisiana. The record establishes that Mr. Lee has lived much of his life at the Gainswood Drive address, and that he has always considered it to be his domicile. While it is true Mr. Lee has recently also resided at 2125 Hyde Park, Harvey, Louisiana, plaintiff produced no evidence indicating Mr. Lee intended to abandon his domicile at the Gainswood Drive address. In fact, the evidence indicates and Mr. Lee explicitly testified that he did not intend to change his domicile from the Gainswood Drive address.

The record establishes that Mr. Lee eats, sleeps overnight, and entertains at the Gainswood Drive house on occasion. He keeps approximately half of his clothing, personal belongings, and furniture at the Gainswood Drive house, he claims a homestead exemption on this property, and he receives mail at the Gainswood Drive address. Mr. Lee also pays homeowners insurance on the

Gainswood Drive house and actively engages in general maintenance of the house. Furthermore, Mr. Lee uses the Gainswood Drive address on his driver's license, vehicle registrations, and car insurance policies. All this evidence shows that Mr. Lee has significant connections to the Gainswood Drive address, and that his residency at this address is real rather than fictitious.

We recognize that Mr. Lee does not spend the majority of his nights at the Gainswood Drive address recently. However, there is no evidence that Mr. Lee intended to abandon Gainswood Drive as his actual residence merely because he has spent less time there. As pointed out by the trial court, the Louisiana Supreme Court acknowledged that courts must be cognizant of the realities of modern life, in which the demands of a career and other factors often require people to spend a large amount of time at different locations. Becker, 854 So.2d at 872; Russell, 780 So.2d at 1052. A candidate is not prohibited from having more than one actual residence; instead, the law requires that the candidate's residence within the district is in fact an actual residence — *i.e.*, a real residence, not a fictitious residence simply designed to circumvent the residency requirements. Based on the facts of this case, we find the record demonstrates that plaintiff has failed to show that Mr. Lee's Gainswood Drive residence is merely a fictitious residence.

Plaintiff also argues that Mr. Lee's petition for divorce constitutes a judicial admission that supports a finding that he has not actually resided at the Gainswood Drive house as required by law because the petition states that he and his wife had separated on or before June 1, 2022, and that he and his wife had lived separate and apart continuously since that date.

La. C.C. art. 1853 provides:

> A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
> A judicial confession is indivisible and it may be revoked only on the ground of error of fact.

Louisiana courts have held that a factual allegation made in another proceeding does not constitute a judicial confession, but instead is an "extra-judicial" confession, which does not bind the plaintiff in subsequent litigation. Alexis v. Metropolitan Life Ins. Co., 604 So.2d 581 (La. 1992); Taylor v. Sider, 665 So.2d 1283 (La. App. 4 Cir. 12/14/95). Mr. Lee's factual allegation of living separate and apart from his wife was not made in the instant proceeding, but in the divorce proceeding. Therefore, we find that this allegation is not a judicial confession.

A party who has made such an admission in a previous suit is not barred from denying the facts contained therein in a subsequent suit unless the adverse party has been prejudiced by its reliance on that admission. Alexis, 604 So.2d at 582; Taylor, 665 So.2d at 1286. There is no evidence that plaintiff relied on the alleged admission to his prejudice. Therefore, the alleged admission is simply to be given the probative value it deserves as an admission of the party who made it. Id. See also, La. C.E. art. 801 D(3). Mr. Lee testified that his divorce has not been finalized and that no action has been taken on the divorce proceeding since the petition was filed. In this regard, the trial court correctly noted that the time period for requesting service of the petition for divorce has expired without any such request.

Evidence of intent is also a component in determining an individual's domicile, which is defined by La. C.C. art. 38 as his or her "habitual residence." A person's domicile is the principal domestic establishment wherein he makes his habitual residence and essentially consists of two elements, namely residence and intent to remain in place. Martin v. Robinson, 20-687 (La. App. 1 Cir. 8/6/20), 311 So.3d 378, 381; McClendon v. Bel, 00-2011 (La. App. 1 Cir. 9/7/00), 797 So.2d 700, 704. If a candidate has more than one residence, intention is the determinative factor in ascertaining the location of his domicile. Martin, 311 So.3d at 381; Johnson v. Augustine, 06-1690 (La. App. 1 Cir. 8/29/06), 943 So.2d 466, 470; writ denied, 06-2189 (La. 9/1/06), 936 So.2d 820.

Intent plays a larger role in determining whether a party has *changed* his domicile, and therefore his "habitual residence," as alleged in the petition, and creates a more difficult standard of proof. La. C.C. art. 44 provides:

**Change of domicile**
Domicile is maintained until acquisition of a new domicile. A natural person changes domicile when he moves his residence to another location **with the intent to make that location his habitual residence.** [Emphasis added.]

Once domicile is established, there is a presumption against change of domicile. Martin, 311 So.3d at 381; Johnson, 943 So.2d at 470. Further, a person's domicile of origin continues until another is acquired. Herpin v. Boudreaux, 98-306 (La. App. 3 Cir. 3/5/98), 709 So.2d 269, 271; writ denied, 98-0578 (La. 3/11/98), 712 So.2d 859; Blackwell v. Blackwell, 606 So.2d 1355, 1358 (La. App. 2 Cir.1992). A change in domicile requires the physical presence of the individual in the new domicile coupled with a present intent to permanently reside in the new domicile. Herpin, 709 So.2d at 271; Blackwell, 606 So.2d at 1358. If a candidate has more than one residence, intention is the determinative factor in ascertaining the location of his domicile. Williams v. Harrison, 54,891 (La. App. 2 Cir. 8/5/22), 346 So.3d 370, 376, writ denied, 22-1207 (La. 8/9/22), 343 So.3d 703; Martin, 311 So. 3d at 381; Johnson, 943 So.2d at 470.

There is a legal presumption against a change of domicile such that a party seeking to show that domicile has been changed must present "positive and satisfactory proof of establishment of domicile as a matter of fact with the intention of remaining in the new place and of abandoning the former domicile." Lumar, 301 So.3d at 1258; Becker, 854 So.2d at 871; Russell, 780 So.2d at 1051. The party seeking to establish a change in domicile bears the burden of proving that change. So long as a reasonable doubt remains, the presumption is that the domicile has not been changed. Lumar, 301 So.3d at 1258; Succession of Thompson v. Harrington, 502 So.2d 229 (La. App. 3 Cir.1987); Succession of Barger, 217 So.2d 779 (La.

App. 4 Cir. 1969); <u>writ refused</u>, 220 So.2d 459 (La. 1969); <u>Succession of Lauricella</u>, 571 So.2d 885 (La. App. 5 Cir. 1990).

Further, service in public office and candidacy for re-election strongly negate any intention to change domicile. <u>McClendon v. Bel</u>, 797 So.2d at 704; <u>Messer v. London</u>, 438 So.2d 546, 547 (La.1983).

It is clear that for many years, 40 Gainswood Drive was Mr. Lee's domicile, and that he made it his "habitual residence." We find that the evidence does not show that Mr. Lee intended to permanently change his domicile, and that the presumption that his domicile remained unchanged was not rebutted. This further evidences the lack of any support to find that 40 Gainswood Drive in Marrero was a fictitious residence.

Considering the above, we find no error in the trial court's conclusion that plaintiff failed to prove Mr. Lee did not meet the qualifications to be a candidate for councilman in District 3 of Jefferson Parish. Accordingly, we find that Mr. Lee meets the qualifications to be a candidate for the office of councilman for Jefferson Parish, District 3.

**DECREE**

For the reasons stated herein, we affirm the trial court's judgment denying the objection to Mr. Lee's candidacy and finding Mr. Lee qualified to be a candidate for Jefferson Parish Councilman, District 3.

<u>**AFFIRMED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**AUGUST 28, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-414

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
STEPHEN M. GELE (APPELLANT)      GWYNETH A. O'NEILL (APPELLEE)      WILLIAM P. GIBBENS (APPELLEE)
CAREY B. DASTE (APPELLEE)

**MAILED**
ANDRE M. STOLIER (APPELLANT)
ATTORNEY AT LAW
201 SAINT CHARLES AVENUE
SUITE 3702
NEW ORLEANS, LA 70170