943 So.2d 466 (2006)
Bettie P. JOHNSON
v.
Jonathan C. "Jay" AUGUSTINE.
No. 2006 CE 1690.
Court of Appeal of Louisiana, First Circuit.
August 29, 2006.
Writ Denied September 1, 2006.
*467 Karl J. Koch, Baton Rouge, Counsel for Plaintiff/Appellant, Bettie P. Johnson.
Jewel E. "Trae" Welch, III, Zachary, Counsel for Defendant/Appellee, Jonathan C. "Jay" Augustine.
Sherri Morris, Baton Rouge, Counsel for Defendant/Appellee, Doug Welborn, East Baton Rouge Parish Clerk of Court.
Before: PARRO, PETTIGREW, DOWNING, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
The plaintiff appeals a judgment dismissing her petition to challenge the qualification of Jonathan C. "Jay" Augustine as a candidate for the East Baton Rouge Parish School Board, at plaintiff's costs. For the reasons expressed below, we affirm the judgment of the trial court.

FACTS
On August 9, 2006, Jonathan C. "Jay" Augustine ("Augustine") filed an official notice of candidacy with the Clerk of Court for East Baton Rouge Parish, indicating his intent to submit himself as a candidate for election to the East Baton Rouge Parish School Board as a representative of district 5. In the notice of candidacy, Augustine certified that he was domiciled at 2421 Guilford Drive, Baton Rouge, Louisiana, 70808, which property is situated within school board district 5.
On August 18, 2006, Bettie P. Johnson (hereinafter "plaintiff") filed a petition challenging Augustine's qualification as a district 5 candidate.[1] Plaintiff contends that Augustine does not meet the qualifications set forth under La. R.S. 17:52, because he was not domiciled in district 5 for at least one year immediately preceding his qualification.[2]

*468 ACTION OF THE DISTRICT COURT
Plaintiff's suit was set for hearing on August 22, 2006, at 10:00 a.m. At the hearing, plaintiff's attorney, Robert H. Marve, III,[3] relied on lease contracts submitted into evidence establishing that Augustine leased a one bedroom apartment in the Jefferson Oaks Apartments located at 8026 Jefferson Highway, Baton Rouge, Louisiana, within school board district 9, from July 2005 through March 2006.[4] Marve also relied on applications completed by Augustine on June 20, 2005, to obtain cable and electricity services for the apartment. Based on the evidence presented, Marve argued that Augustine's domicile was at the apartment through March 2006. To the extent that the apartment is not located within district 5, Marve argued that Augustine did not live in district 5 for the year preceding his candidacy and is not a qualified candidate. Alternatively, in response to Augustine's arguments that the apartment was a temporary residence, plaintiff argued that Augustine's domicile remained at the home he shared with his ex-wife at 6528 Riverbend Lakes Drive, located in school board district 7, until he purchased his own separate home in district 5 on December 30, 2005.[5]
In opposition, Augustine's counsel argued that he was solely domiciled in district 5 for the year preceding his qualification. In support, Augustine testified as to the circumstances of his domicile. Augustine testified that he separated from his wife in June 2005. Shortly thereafter, Augustine contends that he moved in with Jonathan Warren Vaughn, a family friend, who lives at 5935 Valley Forge Drive in Baton Rouge, within school board district 5. When he moved in with Vaughn, Augustine stated that he did not know if or when he would leave. Augustine went on to testify that on December 30, 2005, he purchased the Guilford Drive residence listed on his notice of candidacy, also situated in district 5. Augustine certified that he has lived at the Guilford Drive property continuously since that time.[6]
Although Augustine admittedly did rent an apartment on Jefferson Highway in Baton Rouge for a portion of the year preceding his qualification, Augustine testified that he never had the intent to indefinitely reside there. To the contrary, Augustine contended that he only used the apartment every other weekend prior to the purchase of the Guilford Drive property, when his infant daughter stayed with him. Augustine explained that he was involved in a custody dispute with his former *469 wife and that he maintained a separate apartment for purposes of visitation under the advice of his attorney. Following Hurricane Katrina, Augustine testified that the apartment was used by his mother, Jeanne C. Augustine, whose New Orleans home was destroyed by the storm.[7] Subsequent to the hurricane, Augustine submitted that his mother paid the rent and utility expenses for the apartment.
Augustine's characterization of the facts was verified by the independent testimony of Jonathan Warren Vaughn, Jeanne C. Augustine, and Jefferson Oaks apartment manager Wayne Madere. Vaughn verified that Augustine lived with him following separation from his wife until the purchase of his current home and would only leave from time to time to visit with his daughter at his apartment on weekends. Vaughn further explained that there are no records of Augustine's stay with him, because he refused to accept rental payments from his friend.
Likewise, Jeanne C. Augustine testified that she solely resided in the one bedroom apartment on Jefferson Highway subsequent to the hurricane and that she paid rent and utilities during that time. In support of her testimony, Jeanne C. Augustine produced personal checks evidencing her payment of utilities and rent, together with moving expenses incurred when she vacated the apartment in March 2006, which were admitted into evidence.[8]
Moreover, Wayne Madere testified that he primarily observed Augustine at the apartment on weekends with his daughter. Madere stated that Augustine was initially going to vacate the apartment at the end of August 2005 but that he executed a second lease so that his mother would have a place to stay following the hurricane.
Following more than four hours of argument and testimony, the trial court rendered judgment, finding that Augustine's principal residence during the year prior to his qualification was in district 5. Accordingly, the trial court ruled that Augustine was qualified as a candidate for the East Baton Rouge Parish School Board for district 5 and dismissed plaintiff's petition. A written judgment to that effect was signed on August 23, 2006.[9]

LEGAL PRECEPTS
A question of domicile, for the purpose of an election contest, presents an issue of fact. McClendon v. Bel, 2000-2011, p. 7 (La.App. 1 Cir. 9/7/00), 797 So.2d 700, 705. The standard of review of findings of fact by the trial court is the clearly wrong or manifest error standard. Daniels v. Richardson, XXXX-XXXX, p. 1 (La. App. 1 Cir. 7/31/96), 679 So.2d 461, 461-62. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Bailey v. Bolton, *470 1998-2026, p. 4 (La.App. 1 Cir. 9/10/98), 755 So.2d 254, 256.
The plaintiff in an election matter has the burden of proof by a preponderance of the evidence. Walsh v. Rogillio, XXXX-XXXX, p. 4 (La.App. 1 Cir. 9/7/00), 768 So.2d 653, 656, writ denied, 2000-2610 (La.9/12/00), 766 So.2d 1288. The party objecting to the candidacy bears the burden of proving the candidate is not qualified. Russell v. Goldsby, 2000-2595, p. 4 (La.9/22/00), 780 So.2d 1048, 1051. Election laws should be liberally construed so as to promote rather than defeat candidacy. McClendon, 797 So.2d at 705. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Id.

ANALYSIS
As previously noted, La. R.S. 17:52(E)(1) requires that at the time of qualification, a candidate for the school board must have been actually domiciled for the preceding year in the parish, ward, or district from which he seeks election. La. R.S. 17:52(E)(3) defines domicile as "a person's principal or habitual place of residence." Domicile essentially consists of two elements, namely residence and intent to remain in place. Herpin v. Boudreaux, 1998-306, p. 3 (La.App. 3 Cir. 3/5/98), 709 So.2d 269, 271, writ denied, XXXX-XXXX (La.3/11/98), 712 So.2d 859.
Residence and domicile are not synonymous. McClendon, 797 So.2d at 704. A person can have several residences but only one domicile. Autin v. Terrebonne, 612 So.2d 107, 108 (La.App. 1 Cir.), writ denied, 604 So.2d 954 (La.1992). If a candidate has more than one residence, intention is the determinative factor in ascertaining the location of his domicile. McClendon, 797 So.2d at 704. Intent is based on the actual state of facts and not what one declares them to be. Sheets v. Sheets, 612 So.2d 842, 844 (La.App. 1 Cir. 1992). The circumstances indicating establishment of a domicile include where a person sleeps, takes his meals, has established his household, and surrounds himself with the comforts of domestic life. Charbonnet v. Hayes, 318 So.2d 917, 919 (La.App. 4 Cir.), writ denied, 320 So.2d 201 (La.1975). Once domicile is established, there is a presumption against change of domicile. Herpin, 709 So.2d at 273.
In the instant case, the trial court considered the argument of the parties and heard the testimony of Augustine, along with the other witnesses, at the hearing on August 22, 2006. Based on the law and evidence, the trial court determined that Augustine was domiciled in district 5 during the year preceding his qualification.
On review, we find that the record abundantly supports the trial court's judgment. Given the short terms of the leases executed by Augustine, there is no indication that he intended to remain at the Jefferson Highway apartment. Rather, the evidence as a whole shows that Augustine initially rented the Jefferson Highway apartment for visitation with his daughter and continued his lease so his mother could live there in the aftermath of Hurricane Katrina.
The fact that Augustine leased an apartment in school board district 9 does not change the circumstance of his domicile. The record shows that Augustine was domiciled and maintained his primary household at the residence of Jonathan Warren Vaughn, located at 5935 Valley Forge Drive, between July and December 2005. On December 30, 2005, Augustine changed his domicile when he purchased his current residence located at 2421 Guilford Drive. Since both the Valley Forge *471 Drive and Guilford Drive residences are situated within district 5, we find no manifest error in the trial court's factual finding that Augustine was domiciled within district 5 for an entire year preceding his qualification. Accordingly, Augustine is a qualified candidate for membership to the East Baton Rouge Parish School Board as a representative of district 5.

CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the trial court dated August 23, 2006, dismissing the instant suit at plaintiff's costs. All costs associated with this appeal shall be paid by plaintiff.
AFFIRMED.
HUGHES, J., concurs.
DOWNING, J., dissents.
NOTES
[1] In addition to Augustine, the following persons were named as defendants in the litigation: (1) Elaine Lamb, in her capacity as Registrar of Voters for the Parish of East Baton Rouge; (2) Al Ater, in his capacity as Louisiana Secretary of State; and (3) Doug Welborn, in his capacity as East Baton Rouge Parish Clerk of Court.
[2] La. R.S. 17:52(E) provides, in pertinent part:

(1) Any person who at the time of qualification as a candidate for the school board has attained the age of eighteen, resided in the state for the preceding two years, and has been actually domiciled for the preceding year in the parish, ward, or district from which he seeks election is eligible for membership on the school board. However, at the next regular election for members of the school board following a reapportionment, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to reapportionment if he was domiciled in the prior district for at least one year immediately preceding his qualification and was a resident of the state for the two years preceding his qualification.
* * *
(3) For purposes of this Section, "domicile" means a person's principal or habitual place of residence.
[3] Following the hearing, Robert H. Marve, III, indicated an intent to withdraw as counsel of record for plaintiff. On August 23, 2006, attorney Karl J. Koch filed a motion to enroll as counsel for plaintiff.
[4] Augustine actually executed two lease agreements. The first lease was for a term of three months, beginning July 1, 2005, and ending September 30, 2005. The second lease was for a term of six months, beginning October 1, 2005, and ending on March 31, 2006.
[5] The East Baton Rouge Parish School Board was reapportioned in October 2005. However, the districting of the properties at issue herein was not affected by the reapportionment.
[6] The act of cash sale for the Guilford Drive property was offered into evidence at the hearing on August 22, 2006. Although Augustine has not yet claimed a homestead exemption on that property, Kirby Hicks of the East Baton Rouge Parish Assessor's Office testified that Augustine has until the end of this year to claim an exemption.
[7] Hurricane Katrina struck on August 29, 2005, causing severe flooding and destruction throughout the southeastern part of the state.
[8] Specifically, Jeanne C. Augustine produced copies of the following cancelled checks: (1) check to BellSouth in the amount of $200.00 dated November 1, 2005; (2) check to Jefferson Oaks Apartments in the amount of $525.00 dated February 25, 2006; (3) check to Tiger Moving Company in the amount of $300.00 dated March 16, 2006; (4) check to Entergy in the amount of $236.47 dated September 7, 2005; (5) check to Bell South in the amount of $94.04 dated September 28, 2005.
[9] Although the written judgment is dated, it does not indicate the exact time, in hours and minutes, that it was signed, as is required by La. R.S. 18:1409(C). However, neither party has objected to the validity of the judgment. Further, there is no evidence that the omission was due to the fault of any party. Accordingly, the judgment will be treated as valid for purposes of this appeal.