# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# NUMBER 2020 CE 0687

## DARRELL D. MARTIN

## VERSUS

## JEREMY D. ROBINSON AND HONORABLE GARY STANGA IN HIS CAPACITY OF CLERK OF COURT, PARISH OF TANGIPAHOA

Judgment Rendered: **AUG** 0 6 **2020**

Appealed from the
Twenty-first Judicial District Court
In and for the Parish of Tangipahoa, Louisiana
Docket Number 2020-0001966

COURT OF APPEAL
1ST CIRCUIT
FILED

2020 AUG -6 AM 11: 41

RODD NAQUIN
CLERK

Honorable Charlotte Foster, Judge Presiding

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| Russell C. Monroe<br>Ponchatoula, LA | Counsel for Plaintiff/Appellant,<br>Darrell D. Martin |
| Vanessa Williams<br>Latoya Williams-Simon<br>Charles Brumfield<br>Amite, LA | Counsel for Defendant/Appellee,<br>Jermey D. Robinson |
| A. Bradley Berner<br>Hammond, LA | Counsel for Defendant/Appellee,<br>Gary Stanga, in his capacity as<br>Clerk of Court, Parish of<br>Tangipahoa |

\* \* \* \* \* \* \* \* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., GUIDRY, McDONALD, HOLDRIDGE, AND CHUTZ, JJ.

## McDONALD, J.

In this suit challenging candidacy, Darrell Martin appeals the district court's judgment denying his objection to the candidacy of Jermey Robinson[1] for the office of Chief of Police for the Village of Tangipahoa. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On July 24, 2020, Jermey Demond Robinson filed a sworn Notice of Candidacy with the Tangipahoa Parish Clerk of Court, declaring his intent to run for the office of Chief of Police, Village of Tangipahoa. On the Notice of Candidacy, Robinson certified that his domicile address was 12321 Brown Road, Tangipahoa, Louisiana.[2]

On July 29, 2020, Darrell Martin, Chief of Police of, and a qualified elector in, the Village of Tangipahoa, Parish of Tangipahoa, filed an Objection to the Candidacy of Robinson contending that Robinson did not meet the qualifications for the office as set forth in La. R.S. 33:385.1 because he did not reside and was not domiciled in the Village of Tangipahoa. See La. R.S. 18:491(A) & 18:492(A)(3). The district court conducted a hearing on the matter on July 30, 2020, and, by judgment dated that day, denied Martin's challenge to Robinson's candidacy. From this judgment, Martin appeals.

## DISCUSSION

Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears

---

[1] Although Mr. Robinson's name is listed in the caption of the suit as "Jeremy Robinson," the record reveals that the correct spelling of his first name is "Jermey."

[2] One of the requirements to qualify as a candidate in a primary election is the timely filing of a notice of candidacy, which shall be in writing and shall state the candidate's name, the office he seeks, the address of his domicile, and the parish, ward and precinct where he is registered to vote. La. R.S. 18:461(A)(1) & 18:463(A)(1)(a).

the burden of proving that the candidate is disqualified. Landiak v. Richmond, 2005-0758 (La. 3/24/05), 899 So. 2d 535, 541. Moreover, a court determining whether the plaintiff objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections "so as to promote rather than defeat candidacy." Landiak, 899 So. 2d at 541 (quoting Becker v. Dean, 2003-2493 (La. 9/18/03), 954 So. 2d 864, 869). Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. Becker, 954 So. 2d at 869.

In his petition challenging Robinson's candidacy, Martin asserted that despite Robinson's certification in his Notice of Candidacy that he was domiciled in Tangipahoa, Louisiana, he is in fact domiciled in Kentwood, Louisiana, where he owns a home, has filed for the homestead exemption, and resides with his children. He further contended that Robinson had knowingly provided an incorrect address in the Village of Tangipahoa, that of his mother, as his domicile on the Notice of Candidacy in an effort to become a candidate for an office for which he is not qualified.

A challenge to the candidacy of a person may be based on the ground that the candidate "does not meet the qualifications for the office he seeks in the primary election." La. R.S. 18:492(A)(3). With regard to the qualifications of the office of Chief of Police, La. R.S. 33:385.1(B) provides as follows:

> B. The elected chief of police of a village shall be an elector of the village who at the time of qualification as a candidate for the office of chief of police shall have been domiciled for at least the immediately preceding six months in the village.[3]

---

[3]A municipal corporation having 1,000 or fewer inhabitants is classified as a village. La. R.S. 33:341. In his brief on appeal, Martin cites the qualifications provision in subsection A of La. R.S. 33:385.1, generally applicable to municipalities, which provides that a candidate for chief of police shall have been domiciled in the municipality for at least the immediately preceding year at the time of qualification. However, he

3

Domicile of a natural person is defined as "the place of his habitual residence." La. C.C. art. 38. A person may reside in several places, but may have only one domicile. La. C.C. art. 39. A person's domicile is his principal establishment wherein he makes his habitual residence and essentially consists of two elements, namely residence and intent to remain in place. McClendon v. Bel, 2000-2011 (La. App. 1st Cir. 9/7/00), 797 So. 2d 700, 704. If a candidate has more than one residence, intention is the determinative factor in ascertaining the location of his domicile. Johnson v. Augustine, 2006-1690 (La. App. 1st Cir. 8/29/06), 943 So. 2d 466, 470, writ denied, 2006-2189 (La. 9/1/06), 936 So. 2d 820. Once domicile is established, there is a presumption against change of domicile. Johnson, 943 So. 2d at 470. A question of domicile for the purpose of a candidacy challenge presents an issue of fact, reviewable under the manifest error standard. Id. at 469.

While Martin presented evidence at the hearing in the district court below attempting to establish that Robinson's domicile was in fact in Kentwood, Louisiana, where he had recently purchased a home, Robinson testified that the home in Kentwood was an investment property, which he had obtained at a "good price" and hoped to sell in the future at a financial gain. Robinson further presented testimony and supporting evidence to establish that, while he enjoyed the use of his Kentwood home as an additional residence, his intent was to continue to maintain his domicile in the Village of Tangipahoa, where he had been raised, has been residing with

presented no evidence to establish that the Village of Tangipahoa, which the testimony indicated encompasses approximately a one-mile radius, did not qualify as a village based on its population. See La. R.S. 33:342(A)(2) & 33:343. Nonetheless, in light of Martin's assignment of error on appeal, the length of Robinson's domicile in the Village of Tangipahoa is not at issue herein.

4

his mother and daughter since returning from full-time active service in the military, had been registered to vote for years, owns property on which he intends to build a home in the future, and is raising his daughter with the assistance of his mother.

Based on the evidence and testimony presented at the hearing below, the district court found that Robinson was domiciled in the Village of Tangipahoa and that Martin had not met his burden to establish that he intended to abandon that domicile and change his domicile to Kentwood, Louisiana when he purchased a home there, factual findings which are amply supported by the evidence of record. Indeed, on appeal, Martin states in his brief that Robinson "appears to meet" the domicile requirements of La. R.S. 33:385.1.

Instead, for the first time on appeal, Martin argues that Robinson certified in his Notice of Candidacy that he was a qualified elector in the Village of Tangipahoa and that he was registered to vote in the place where his homestead exempt property was located, when clearly he was not. The certification in the Notice of Candidacy upon which Robinson now relies provides as follows:

> 8. If I am a candidate for any office other than United States senator or representative in congress, that **if I claim a homestead exemption on a residence pursuant to Article VII, Section 20 of the Constitution of Louisiana, I am registered and vote in the precinct in which that residence is located**, unless I reside in a nursing home as defined in La. R.S. 40:2009.2 or a veteran's home operated by the state or federal government.

(Emphasis added). Martin contends on appeal that at the time Robinson qualified as a candidate for Chief of Police for the Village of Tangipahoa, Robinson's home in Kentwood, Louisiana had a homestead exemption recorded in Robinson's name, thereby requiring Robinson to register to vote

5

in Kentwood, the place where his homestead-exempt residence was located. See La. R.S. 18:101(B).[4] Thus, Martin argues on appeal that because Robinson is ineligible to be a registered elector in the Village of Tangipahoa, he does not meet the qualifications for the office of Chief of Police as set forth in La. R.S. 33:385.1. Accordingly, he asserts that the district court erred as a matter of law in failing to render judgment declaring that Robinson was ineligible to be registered in, to vote in, or to run for office of Chief of Police in the Village of Tangipahoa.

As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the district court, or are raised for the first time on appeal. Johnson v. Montoya, 2013-1951 (La. App. 1st Cir. 5/2/14), 145 So. 3d 418, 422; see also Uniform Rules—Courts of Appeal, Rule 1-3. As set forth above, the basis of Martin's challenge to Robinson's candidacy in the district court was that Robinson did not reside in and was not domiciled in the Village of Tangipahoa, an argument which he has essentially abandoned on appeal. Accordingly, because Martin did not raise in the district court the issue of Robinson's alleged ineligibility to be a qualified elector in the Village of Tangipahoa as a basis to his challenge to Robinson's candidacy, the issue is not properly before us on appeal.

Nonetheless, to the extent that the pleadings may have been expanded at the hearing on this matter where evidence and testimony were presented as to the existence of a homestead exemption in Robinson's name on the Kentwood property, we address Martin's contention on appeal.

---

[4]Pursuant to La. R.S. 18:101(B), "[i]f a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides." However, with the exception of a person residing in a nursing home or veterans home, if the person "claims a homestead exemption on one of those residences, "he shall register and vote in the precinct in which that residence is located...."

As set forth in footnote 4, La. R.S. 18:101(B) requires a person who has more than one residence, including one on which he *"claims a homestead exemption,"* to register to vote in the place where he claims the exemption. (Emphasis added). However, because the record before us clearly demonstrates that Robinson did not "claim" a homestead exemption on his home in Kentwood, he was not required to register to vote in Kentwood.

While Martin presented evidence at the hearing below that at the time Robinson qualified as a candidate for the office of Chief of Police, the Tangipahoa Parish Assessor's Office listed Robinson's Kentwood home as subject to a homestead exemption, Robinson testified that he had never requested such an exemption on the property and the error of the Assessor's Office in listing the property as homestead exempt had been corrected

Robinson's testimony was further supported by the testimony of Brady Sledge, the chief deputy assessor for the Tangipahoa Parish Assessor's Office. Sledge explained the process for requesting a homestead exemption, which involves the homeowner completing an application for the exemption, followed at times by an investigation to determine if the homeowner qualifies for the exemption. Upon reviewing the file for the Kentwood property, Sledge testified that Robinson had not applied for a homestead exemption on that property. Sledge explained that the Assessor's Office does not force anyone to receive the homestead exemption if the individual does not want it. Sledge surmised that the fact that the Kentwood home was listed as homestead exempt was an oversight where the designation from the prior owner was not removed when the property was transferred to Robinson. According to Sledge, while these types of errors are not commonplace, they do occur.

The facts developed at the hearing below clearly establish that Robinson did not "claim the homestead exemption" on his home in Kentwood, which he purchased less than one year ago. Rather, the Assessor's Office, in the absence of any request from Robinson, *erroneously* listed the Kentwood home as subject to a homestead exemption, when in fact it was not. Thus, because Robinson did not "claim the homestead exemption" on the Kentwood home, he was not required to register to vote in Kentwood pursuant to La. R.S. 18:101(B).

Additionally, we note that La. R.S. 18:191 provides that the voter registration of any person shall remain in effect as long as the registration is not canceled for a cause and in the manner set forth by statute. Louisiana Revised Statute 18:193(A) sets forth the procedure to be followed if the registrar has reason to believe a person is no longer qualified to be registered or that the registrant has changed his residence. Robinson's voter registration was never properly challenged pursuant to statute, and he was thus an elector of the Village of Tangipahoa on the date he qualified as a candidate for the office of Chief of Police. See Walsh v. Rogillio, 2000-1995 (La. App. 1st Cir. 9/7/00), 768 So. 2d 653, 656, writ denied, 2000-2610 (La. 9/12/20), 766 So. 2d 1288.

Accordingly, we find no merit to Martin's arguments on appeal.

## CONCLUSION

For the above and foregoing reasons, the July 30, 2020 judgment of the district court, denying Darrell Martin's petition challenging the candidacy of Jermey Robinson, is affirmed. Costs of this appeal are assessed against plaintiff, Darrell Martin.

**AFFIRMED.**

8