Lieghley, J.
The panties stood in reverse order in the court' below and for convenience will be mentioned herein as they there stood.
*2 Plaintiff, Frances H. Hoynes, filed her petition in the common pleas court praying for damages for injuries which she sustained while a passenger on a street car of the defendant company. The same proceeded to trial with the intervention of a jury and resulted in a verdict .and judgment for plaintiff, from which judgment error is prosecuted to this court to reverse the same.
The error assigned and relied upon by the defendant to obtain a reversal of this judgment is the rejection of evidence offered by the defendant. The plaintiff offered herself and a witness, Mrs. Smith, and others, to sustain her claims. Both plaintiff and Mrs. Smith testified orally at the trial below. It is claimed by the defendant that both made written statements a few days after the date of the injuries sustained by plaintiff. It is claimed1 that each statement contains contradictions of the testimony given by each at the trial. The alleged contradictions relate principally to the location and the size and kind of a seat upon which the plaintiff was seated, and from which she fell and injured herself by reason of the careless -and negligent handling of said street car by the employes of the defendant company.
Mrs. Smith gave her testimony in chief, and on cross-examination was confronted with a written Statement claimed to have been prepared by one Williams, an investigator for the company, and signed by her a few days after the accident. She claimed not to remember having signed if. The contents of the paper writing were then incorporated piecemeal in questions by the cross-examiner t'o the witness, and inquiry made of her whether *3 she did not- so state to the investigator. The contents of the paper writing were thus read in .the presence of the jury. The paper had not yet been" identified, but 'was offered and rejected. The investigator, Williams, was called by the defense after the plaintiff had rested, who testified that the paper writing correctly recited the statements of this witness made to him at the time, and that it was signed by her in his presence. It was again offered and rejected. Again, the entire contents of this paper writing were recited in' questions to this. witness, and inquiry made whether Mrs. Smith had so stated to him at the time of his investigation, to which questions the witness answered in all instances in the affirmative. Thus the contents of this paper were again recited in the presence of the jury.
The plaintiff took the stand in 'her' own behalf and was examined in chief and cross-examined by the defendant. On rebuttal she was recalled for further cross-examination by the defendant, and inquiry made of her in reference to a certain written statement claimed by the defendant to have been made by her a few -days after the' accident. She was confronted with the written statement and asked whether she signed it, and her position was such that, identification thereof became necessary to make it competent in proof. The entire contents of the written paper were then incorporated in various questions by the cross-examiner, and the plaintiff was asked whether she had made those statements to the investigator, some of which she answered in the affirmative and some in the negative. The contents of this paper 'were thus read before the jury and in its presence. In surrebuttal one *4 Peltrash, an investigator for the 'company, was called hy the defendant, who testified that he prepared the written statement for the plaintiff and ■that the same contained a true recital of her statement's to him and that she signed the same. This written statement of the plaintiff was offered and rejected by the trial court.
These written statements do contain some matters contradictory and inconsistent with statements made by the witnesses at the trial. As stated, the contradictions relate to the location of the seat which the plaintiff occupied at the time of the accident, and its size and bind and direction with reference to the length of the car. Assuming that the statements were properly and sufficiently identified as olaithed by the defendant, the same should have been admitted.
Was their exclusion prejudicial error? It is claimed in the briefs that the contradictions relate only to the location of the seat occupied by the plaintiff and her manner of occupying the same. The jury had before it the statements of these witnesses made in chief. It also had before it the contents of the written papers by incorporation in questions by the cross-examiner, and What the witness had to say about those written statements. It thereby had before it the alleged contradictions and inconsistencies. It did not have 'before it, and as exhibits to be taken with it to the jury room, the written statements themselves.
In this respect the facts of this case present a very much different situation than is presented in a number of Ohio authorities bearing upon this subject. In these authorities the jury was not *5 acquainted with the contents of the paper writings or the character of the proof excluded'. Shriedley v. State, 23 Ohio St., 130, and Dilcher v. State, 39 Ohio St., 130.
We think the greater weight of the authority is to the effect that a judgment should not be reversed for the rejection of evidence on the ground that the same constitutes prejudicial error unless there is some reason to think that its admission would have or might have resulted in a different verdict. In view of the subject-matter of the alleged contradictions and inconsistencies in the testimony of the plaintiff and Mrs. Smith given at the trial and their written statements made a few days after the accident, and in view of the further fact that the contents of these statements were before the jury one or more times by reason of the manner of the cross-examination, and .that the jury had before it the conduct of these -witnesses in respect to these statement's and what they had to say about them, we are unable to conjure up any hypothesis upon which it may be said the jury might have arrived at a different verdict if those written statements had been admitted and the jurors had had an opportunity to actually -examine their contents. We do not think that err'or has intervened in the trial of this case prejudicial to the rights of the defendant. Jones on Evidence, • Section 896.
•The judgment of the court below is affirmed.

Judgment affirmed.

Grant and Dunlap, JJ., concur.