NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2945

_____

UNITED STATES OF AMERICA

v.

GILBERT ROBINSON,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-03-cr-00121-001)
District Judge: Honorable John E. Jones, III

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 23, 2021

Before: SMITH, Chief Judge, MATEY and FISHER, *Circuit Judges*.

(Filed: July 15, 2021)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

This appeal arises from the denial of a motion for compassionate release filed

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

during the COVID-19 pandemic. Appellant Gilbert Robinson, who is serving a sentence of imprisonment at FCI Schuylkill, sought compassionate release under 18 U.S.C. § 3582(c)(1)(A) after exhausting his administrative remedies. The District Court denied the motion, concluding that Robinson failed to demonstrate extraordinary and compelling reasons for a reduction in his sentence. Robinson now appeals. For the reasons stated below, we will affirm.[1]

A district court may grant a motion for compassionate release if it finds that "extraordinary and compelling" reasons warrant a reduction of the defendant's sentence.[2] The Sentencing Commission provides guidance that extraordinary and compelling reasons may exist in a person suffering from terminal medical conditions.[3] These conditions include, but are not limited to, end-of-life diagnoses like metastatic solid-tumor cancer or end-stage organ disease.[4] Extraordinary and compelling reasons might also exist where a defendant has serious medical conditions that substantially limit his ability to provide self-care while incarcerated.[5] If the Court finds extraordinary and compelling reasons, it must "consider[] the factors set forth in section 3553(a) [of Title

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231, 3582. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of a motion for compassionate release for abuse of discretion and will not disturb its conclusion unless it is clearly erroneous. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

[2] 18 U.S.C. § 3582(c)(1)(A)(i).

[3] U.S.S.G. § 1B1.13 cmt. n. 1(A)(i).

[4] *Id.*

[5] *Id.* § 1B1.13 cmt. n. 1(A)(ii).

18] to the extent that they are applicable" before granting compassionate release.[6]

Here, Robinson argues that the District Court erred by concluding that his COVID-19-related health risks do not constitute extraordinary and compelling reasons. He claims his underlying medical conditions, including stage-1 asymptomatic HIV and liver disease, place him uniquely at risk of developing serious complications from an infection of COVID-19 while incarcerated. However, as the District Court observed, guidance from the Centers for Disease Control and Prevention linking HIV to increased risk of serious illness from COVID-19 "concerns individuals who have untreated HIV or have a low CD4 cell count."[7] Robinson's medical records show that he does not fall into either high-risk category. Moreover, the record does not show that Robinson's conditions limit his ability to provide self-care while incarcerated, and he does not argue otherwise upon appeal.

We also disagree with Robinson's contention that the District Court should not have considered FCI Schuylkill's then-current rate of COVID-19 infection or the evidence that his health conditions are being adequately managed by that facility's medical staff. These considerations were relevant to the Court's decision regarding extraordinary and compelling reasons, and we discern no clear error of judgment in its

---

[6] 18 U.S.C. § 3582(c)(1)(A).
[7] App. 7; *see also What to Know About HIV and COVID-19*, Centers for Disease Control and Prevention (Feb. 1, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/hiv.html.

conclusion that Robinson failed to establish such reasons.[8]

Robinson next argues that the District Court improperly analyzed his motion for compassionate release because it did not discuss the applicable § 3553(a) factors explicitly. However, the Court's order stated clearly, albeit in preprinted language, that its decision had been reached "after considering the applicable factors provided in 18 U.S.C. § 3553(a)."[9] Robinson fails to cite any case law suggesting that the Court was required to discuss those factors independently if it did not find extraordinary and compelling reasons. As we have previously recognized, a district court need only "consider" the applicable sentencing factors "before granting compassionate release."[10] Similarly, the Supreme Court has held that a preprinted statement certifying that the District Court considered the § 3553(a) factors in granting a sentence reduction under a related provision, 18 U.S.C. § 3582(c)(2), sufficed for appellate review.[11] Here, the District Court's order clearly identified its reasons for denying Robinson's motion for compassionate release, and clearly stated that it considered the applicable § 3553(a) factors. The Court was not required to discuss those factors in greater detail.

For these reasons, we will affirm.

---

[8] *See Pawlowski*, 967 F.3d at 330; *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

[9] App. 4.

[10] *Pawlowski*, 967 F.3d at 329 (internal quotation marks and citation omitted).

[11] *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967-68, 1972 (2018).

4