MAX N. TOBIAS, JR, Judge.
|, The plaintiffs/appellants, Dionisha Graham and Derrick A. Graham, Sr. (“the Grahams”), appeal the trial court’s judgment that found that the defendant, Mar-keita Prevost, is properly qualified as a candidate for State Representative for the Louisiana House of Representatives, District 99 in the 25 October 2015 primary election. For the reasons that follow, we affirm.
Objecting to her candidacy,[1] the Grahams contend (assign as error) that the trial court erred in finding Ms. Prevost was domiciled in District 99 by abusing its discretion (1) not to consider testimony from the Custodian of Records of the Louisiana Department of Revenue that Ms. Prevost used an address outside of District 99 to file her 2014 Louisiana income tax return and (2) without testimony or evidence tending to “establish her intent to remain in” District 99.[2]
Article III, § 4(A) of Louisiana’s 1974 Constitution states:
An elector who at the time of qualification as a candidate has attained the age of eighteen years, resided in the state for the preceding two years, and been actually domiciled for the preceding year in the legislative district from 12which he seeks election is eligible for membership in the legislature., [Emphasis supplied.]
La. R.S. 18:451 in pertinent part states:
A person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the election. Except as otherwise provided by law, a candidate shall 'possess the qualifications for the office he seeks at the time he qualifies for that office. In the event that the qualifications for an office include a residency or domicile requirement, a candidate shall meet the established length of residency or domicile as of the date of qualifying, notwithstanding any other provision of law to the contrary. [Emphasis supplied.]
The domicile of an individual is the place of that individual’s habitual residence. La. C.C. art. 38. An individual may have several residences but only one domicile. La. C.C. art. 39. If one lacks a habitual residence, any place of residence may be considered one’s domicile at the option of “persons whose interests are affected.” Id. One’s domicile remains unchanged until a new one is acquired. La. C.C. art. 44. An individual changes his domicile when he moves his residence with the intent to make the new location his habitual residence. Id. The intent to es *1145 tablish or change one’s domicile depends upon the circumstances, such' as a sworn declaration. La. C.C. art. 45. In the absence of a sworn declaration, other evidence is required.
One qualifies for a public office by filing a Notice of Candidacy. La. R.S. 18:461 A(l). By law, a Notice of Candidacy form requires the candidate for Louisiana public office to state his domicile therein. Id,
Election laws must be interpreted to give the electorate the widest possible choice of candidates;' an individual objecting to candidacy bears the burden of proving that the candidate is disqualified. Landiak v. Richmond, 05-0758, pp. 6-7 (La.3/24/05), 899 So.2d 535, 541, citing Becker v. Dean, 03-2493, p. 7 (La.9/18/03), 854 So.2d 864, 869; Russell v. Goldsby, 00-2595, p. 4 (La.9/22/00), 780 So.2d 1048, 1051; Dixon v. Hughes, 587 So.2d 679, 680 (La.1991); Messer v. London, 438 So.2d 546 (La.1983). A court determines whether the individual objecting to another’s candidacy has carried his burden of proof, liberally construing the laws governing the conduct of elections in order to promote rather than defeat the candidacy. Landiak, 05-0758, p. 7, 899 So.2d at 541, citing Becker, id.; Russell, id.; Dixon, id. Doubt “should be resolved in favor of allowing the candidate to run for public office.” Landiak, id., citing Becker, id.; Russell, id.;'Dixon, id.
Because domicile requires a physical residence plus intent to remain,' a party’s uncontroverted testimony regarding his intent “may be sufficient to establish domicile, in the absence of any documentary or other objective evidence to the contrary.” Landiak, 05-0758, p. 10, 899 So.2d at 543.
When documentary or other objective evidence casts doubt on a person’s statements regarding intent, it is incumbent on courts to weigh the evidence presented in order to determine domicile in fact. Otherwise, the legal concept of domicile is meaningless and every person would be considered legally domiciled wherever he says he is domiciled. Some of the types of documentary evidence commonly considered by courts to determine domicile in fact include such things as voter registration, homestead exemptions, vehicle registration records, driver’s license address, stateménts in notarial acts, and evidence that most of the person’s property is housed at that location. Obviously, the more of these items presented by a party opposing candidacy in a given case to show lack of domicile in the district, the more difficult it will be for the candidate to overcome the plaintiffs evidence.
Id., 05-0758, pp. 10-11, 899 So.2d at 543-544 (footnotes omitted)..
|4In the case at bar, the burden of proof was 'with the Grahams to establish by a preponderance of the evidence that Ms. Prevost did not have a District 99 domicile for one year prior to qualifying. If the Grahams established a prima facie case that Ms.‘ Prevost was not so domiciled, the burden of proof shifted to Ms. Prevost to prove that she was domiciled in the district.
It is undisputed that Ms. Prevost is at least eighteen years of age and has resided in Louisiana for more than two years. The issue before us is thus, whether she was actually domiciléd in' District 99 for one year prior to qualifying.
At trial, the Grahams introduced, the following evidence to establish that Ms. Prevost was not domiciled in District 99.
• Ms. Prevost’s testimony that her i Louisiana driver’s license shows her address as being at 5351 Bellaire Drive in New Orleans (an address *1146 not in District 99).[3] Ms. Prevost did not have her driver’s license with her at court, stating that someone drove her to the courthouse.
• Ms. Prevost’s testimony that she changed her voter registration on 2 July 2015 to 825 Flood Street from 2329 Odin Street in New Orleans,[4] an address not in District 99; the Odin Street address is where she had |Bbeen a registered voter from 22 November 2010 until changed to 825 Flood Street.
• Testimony from Vanessa LeFleur, the Custodian of Records of the Louisiana Department of Revenue, that Ms. Prevost’s filed 2014 income tax return showing her address to be 3621 Laplace Street, Chalmette, Louisiana.[5]
• Ms. Prevost’s testimony that she has no bills in her own name showing an 825 Flood Street address and contributes nothing to household expenses for the dwelling at that location, which is leased by her boyfriend; in that regard she testified that her boyfriend “pays everything.”
• Ms. Prevost failed to state that she intended to permanently reside with her boyfriend on Flood Street.
Contrariwise and to rebut the Grahams’ case, Ms. Prevost introduced her own testimony that:
• She lives with her boyfriend at his dwelling at 825 Flood Street; no written document (lease) exists to establish such.
• The Odin Street and Bellaire Drive addresses are old addresses.
Although not noted precisely by the Grahams or Ms. Prevost on appeal, the transcript of testimony reflects:
h* Ms. Prevost stated one time in response to the Grahams’ attorney’s question that she resides at “725 Flood Street,” ■ not 825 Flood Street;[6] nowhere else in her testimony does she mention 825 Flood *1147 Street. However, she did not dispute the 825 Flood Street address when asked leading questions by the plaintiffs’ counsel where that specific address was stated.
• Ms. Prevost explained that the reason for using a Chalmette address for her 2014 Louisiana income tax return was as follows: “That was actually just a temporary address I was using because at that time I was working at Wal-Mart in Chalmette, so I was just kind of staying with someone that I knew at that address.”
• The Louisiana Department of Revenue reflects that no income tax return was filed by Ms. Prevost for any calendar year before 2014.
Per Landiak, the Grahams’ strongest evidence to prove Ms. Prevost is not domiciled in District 99 is her driver’s license that shows a Bellaire Drive address and her change of her voting address from Odin Street to Flood Street. Ms. Pre-vost’s strongest evidence is her sworn testimony that Flood Street has been her residence and domicile for “[a] year and two months.” The trial court, weighing the evidence, found Ms. Prevost had been domiciled for more than one year on 17Flood Street. On the record before us, we find that conclusion is neither manifestly erroneous or clearly wrong.
In response to a specific question as to what the address of her residence was, she stated 725 Flood Street, not 825 Flood Street.[7] Ms. Prevost stated that the only documentation that she had of her Flood Street residence was her “voter’s registration record,” which is not part of the record evidence on appeal. She has no other current identification whatsoever with a Flood Street address. One could question that, if she was living (both residing and domiciled) with her boyfriend on Flood Street for a year and two months prior to qualifying, a period of time during which she was required to file her 2014 income tax return, she would not use an address in Chalmette, Louisiana on her 2014 income tax return.[8] But the trial court, based upon credibility, believed Ms. Pre-vost. As such, we conclude that the Grahams have not carried their burden of proof to show that Ms. Prevost was not domiciled in District 99 for at least one year prior to qualifying for office.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
LOVE, J., concurs in the result.
BELSOME, J., concurs with reasons.
BONIN, J., concurs in the result with reasons.
LANDRIEU, J., concurs for the reasons assigned by Judge BELSOME.
LEDET, J., concurs.
JENKINS, J., concurs for the reasons assigned by J. BELSOME.

. See La. R.S. 18:492.

. See La. C.C.P. art. 2129; Rule 2-12.4 B(4), Unif. Rules, La. Cts. of App. We do believe that in an election contest such as the one before us, Rule 2-12,4 should be enforced more strictly because doing so has the effect of promoting rather than defeating the candidacy. ■ See Landiak v. Richmond, 05-0758 (La.3/24/05), 899 So.2d 535, discussed in greater detail infra.

. The Bellaire Drive address is located in Ward 17, Precinct 18 of Orleans Parish, which is in Louisiana House District 94. La. C.E. art. 202; New Orleans Ord. M.C.S. § 58-36; La. R.S. 24:35.2(94).
Also, La. R.S. 32:406 states:
Whenever any person after applying for or receiving license shall move permanently from the address or place of residence named in the application he shall, within ten days thereafter, notify the driver’s license division, in writing, of such change and of his new address.
The misdemeanor criminal penalties for violating section 406 are set forth in La. R.S. 32:427.

. The Odin Street address is located in Ward 8, Precinct 26 of Orleans Parish, which is House District 97. La. C.E. art. 202; New Orleans Ord. M.C.S. § 58-36.

. Chalmette is located in St. Bernard Parish. No part of St. Bernard Parish is in District 99. La. R.S. 24:35.2. Although the Department of Revenue requires an individual taxpayer to state his address on his income tax return, the only statutory purpose therefor appears to be so that the department will know where to send written notices to the taxpayer. See La. R.S. 47:299.2(10). That is, a taxpayer need not state his domicile on his Louisiana income tax return.

.The precise colloquy was as follows:
Q. Well, Ms. Prevost, are you domiciled in fact at the address listed on your Notice of Candidacy Form?
A. Yes
Q. How long have you lived at this location?
A. About a year and two months.
Q. Do you own or rent the place that you live?
A. I live with somebody. I live with my boyfriend.
Q. Now, what’s the address that you’re residing at again?
A. 725 Flood Street

. We do recognize that her incorrect response of “725 Flood Street” could have been one of nervousness because of being in court.

. Ms. Prevost’s tax return was obviously not filed until sometime in calendar year 2015 prior to the trial on 21 September 2015. A Louisiana income tax return is due on May 15 of each year for the preceding year, unless extended in accordance with law and regulation. See La. R.S. 47:103; see also Landiak, 05-0758, pp. 10-11, 899 So.2d at 543-544; see also Russo v. Burns, 14-1963 (La.9/24/14), 147 So.3d 1111.