| | | |
|---|---|---|
| **CHRISTOPHER PAUL CATRAMBONE** | * | **NO. 2024-CA-0456** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | * | **FOURTH CIRCUIT** |
| **REGINA EGLE LIOTTA** | * | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

CONSOLIDATED WITH:

REGINA EGLE LIOTTA CATRAMBONE

VERSUS

CHRISTOPHER PAUL CATRAMBONE

CONSOLIDATED WITH:

NO. 2024-CA-0457

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-11928, C/W 2023-12048 DIVISION "G"
Honorable Veronica E. Henry
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

Bernadette R. Lee
Suzanne Ecuyer Bayle
Sheila H. Willis
MORRIS LEE & BAYLE & WILLIS, L.L.C.
1515 Poydras Street, Suite 1000
New Orleans, LA 70112

Mary Watson Smith
LAW OFFICE OF MARY WATSON SMITH, LLC
3012 42nd Street
Metairie, LA 70001

   COUNSEL FOR PLAINTIFF/APPELLANT

Jennifer C. Carter
de BLANC LAW FIRM, LLC
1615 Poydras Street, Suite 910
New Orleans, LA 70112

   COUNSEL FOR DEFENDANT/APPELLEE

**FEBRUARY 20, 2024 ORDER VACATED; REVERSED AND REMANDED**
             **FEBRUARY 14, 2025**

SCJ
RML
JCL

In this proceeding for divorce, appellant, Christopher Paul Catrambone ("Mr. Catrambone"), appeals the district court's grant of appellee, Regina Egle Liotta's ("Ms. Liotta"), exception of lack of subject matter jurisdiction, and dismissal of his petition for divorce with prejudice. For the reasons discussed herein, we vacate the district court's February 20, 2024 order which dismissed Ms. Liotta's petition for divorce and reconvention demand without prejudice, reverse the June 7, 2024 judgment which dismissed Mr. Catrambone's petition for divorce with prejudice and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Catrambone and Ms. Liotta were married on or about June 28, 2010 in the Republic of the Seychelles. Ms. Liotta is an Italian citizen while Mr. Catrambone is a citizen of the United States. Mr. Catrambone adopted Ms. Liotta's daughter.[1]

---

[1] The parties' daughter is currently a person of the full age of majority.

1

Mr. Catrambone owns an organization that provides humanitarian services worldwide. The parties lived in Malta prior to purchasing a mansion located at 1711 Palmer Avenue in New Orleans, Louisiana (the "Palmer Avenue property") on April 27, 2021. Thereafter, the parties resided at the property in New Orleans.

The parties separated in August 2023. Mr. Catrambone filed a petition for divorce pursuant to La. C.C. art. 103(1) on October 24, 2023. Mr. Catrambone's petition asserted that he and Ms. Liotta were domiciled in Orleans Parish and venue and jurisdiction were proper in Orleans Parish. Shortly thereafter, on October 27, 2023, Ms. Liotta filed a petition for divorce and ancillary matters. Ms. Liotta alleged that she and Mr. Catrambone established matrimonial domicile in Orleans Parish, and no children were born of the marriage. Ms. Liotta sought exclusive use and occupancy of the Palmer Avenue property and the Land Rover Discovery.

Mr. Catrambone and Ms. Liotta respective petitions were consolidated. On December 4, 2023, Ms. Liotta filed an answer and reconventional demand in response to Mr. Catrambone's petition for divorce. Ms. Liotta reasserted that jurisdiction and venue were proper in the district court because both parties are domiciled in Orleans Parish. Ms. Liotta alleged that both parties worked in the businesses which were acquired during the marriage and sought interim and final spousal support.

On February 9, 2024, Mr. Catrambone filed an *ex parte* motion for a judgment of separation of property pursuant to La. C.C. art. 2374(C).[2] On the same

---

[2] Louisiana Civil Code article 2374(C) provides: "[w]hen a petition for divorce has been filed, upon motion of either spouse, a judgment decreeing separation of property may be obtained upon proof that the spouses have lived separate and apart without reconciliation for at least thirty days from the date of, or prior to, the filing of the petition for divorce."

date, the district court signed a judgment of separation of property. Thereafter, on February 15, 2024, Ms. Liotta moved to dismiss without prejudice her petition for divorce, the answer and reconventional demand. Ms. Liotta asserted that Malta would be the appropriate jurisdiction because the parties acquired many businesses during their marriage there. On February 20, 2024, the district court granted Ms. Liotta's motion and dismissed her pleadings without prejudice.

Ms. Liotta, subsequently, filed a declinatory exception of lack of subject matter jurisdiction. Ms. Liotta alleged that in May 2023, Mr. Catrambone received his Italian citizenship and that neither party has ever been domiciled in New Orleans. Ms. Liotta asserted that the parties resided at the Palmer Avenue property from July 2021 to November 2021; however, their matrimonial domicile was in Malta. Ms. Liotta further alleged that Mr. Catrambone has resided in Ukraine since November 2023. Ms. Liotta supplemented her exception of lack of subject matter jurisdiction to reassert that the parties were not domiciled in Orleans Parish.

In response to Ms. Liotta's exception, Mr. Catrambone filed an opposition. Mr. Catrambone argued that Ms. Liotta should be precluded from arguing lack of subject matter jurisdiction because Ms. Liotta signed two verified affidavits, swearing under oath that the parties are both domiciled in New Orleans.

The district court held a hearing on the exception of lack of subject matter jurisdiction on March 20, 2024. On June 7, 2024, the district court signed a judgment granting Ms. Liotta's exception of lack of subject matter jurisdiction and dismissing Mr. Catrambone's petition for divorce with prejudice. Thereafter, Mr. Catrambone moved for a devolutive appeal. This appeal follows.

**DISCUSSION**

The issue raised by Mr. Catrambone's appeal is whether the district court erred in maintaining Ms. Liotta's exception of lack of subject matter jurisdiction when both parties judicially confessed in their pleadings that Orleans Parish was their domicile and their last matrimonial domicile.[3] Mr. Catrambone also highlights the lack of compliance with La. C.C.P. art. 3958 in the district court's dismissal of Ms. Liotta's petition for divorce pursuant to La. C.C. art. 102 and reconventional demand. As such, we first address whether Ms. Liotta's petition for divorce and reconventional demand were properly dismissed.

*Voluntary Dismissal*

Louisiana Civil Code of Procedure article 3958 governs voluntary dismissals of divorce petitions under Civil Code article 102. Specifically, a court shall grant a voluntary dismissal on the joint application of the parties and upon payment of all costs, or following a contradictory motion of the plaintiff. La. C.C.P. art. 3958.

"An appellate court reviews a trial court's ruling on a motion to dismiss under an abuse of discretion and manifest error standard of review." *Jones v. Cisneros*, 2020-0582, p. 3 (La. App. 4 Cir. 4/7/21), 315 So.3d 959, 962 (citing *Liberty Bank and Tr. Co. v. Dapremont*, 2007-0518, p. 3 (La. App. 4 Cir. 4/16/08), 984 So.2d 152, 154).

Here, Ms. Liotta moved pursuant to La. C.C.P. art. 1671 to dismiss her petition for divorce filed in case number 2023-12048 as well as her answer and reconventional demand filed in case number 2023-11928. Louisiana Civil Code of

---

[3] Mr. Catrambone assigns two errors: 1) the district court erred in maintaining the exception of lack of subject matter jurisdiction where both parties judicially confessed in their pleading that at the time of filing, Orleans Parish was the parties' domicile and their last matrimonial domicile; 2) the district court erred in maintaining the exception of lack of subject matter jurisdiction where the evidence of record clearly shows that Orleans Parish was both the parties' last matrimonial domicile and the domicile at the time of filing.

Procedure article 1671 provides in relevant part that "[a] judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant." We note that Mr. Catrambone was not served with Ms. Liotta's petition for divorce filed in 2023-12048, however, the Ms. Liotta's petition was consolidated with Mr. Catrambone's action.

While Article 1671 contains procedure for voluntary dismissal, we find that Article 3958 is applicable in light of Ms. Liotta filing a petition and reconventional demand pursuant to Article 102. It is undisputed that the parties did not file a joint application for dismissal. Thus, Ms. Liotta could only have her petition for divorce dismissed following a contradictory motion. *See* La. C.C.P. art. 3958. The record is devoid of a contradictory hearing prior to dismissal of Ms. Liotta's petition for divorce and reconventional demand. Furthermore, Mr. Catrambone challenged the district court's February 20, 2024 order dismissing Ms. Liotta's petition for divorce and reconventional demand by filing a motion to vacate *ex parte* order to dismiss and for sanctions.

We find that the district court erred by dismissing Ms. Liotta's petition for divorce and reconventional demand without a contradictory hearing. Accordingly, we vacate the February 20, 2024 order which dismissed Ms. Liotta's petition for divorce and reconventional demand without prejudice.

### Judicial Confession

Mr. Catrambone argues that the district court erred in maintaining the exception of lack of subject matter jurisdiction when Ms. Liotta made a judicial confession that Orleans Parish was the domicile of both parties and also their last matrimonial domicile.

5

"A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it." La. C.C. art. 1853. An admission made by a party in a pleading constitutes a judicial confession. *Scott v. Entergy La, LLC*, 2020-0136, p. 6 (La. App. 4 Cir. 11/4/20), 310 So.3d 215, 219 (quoting *1182 C.T. Traina, Inc. v. Sunshine Plaza, Inc.*, 2003-1003, p. 5 (La. 12/3/03), 861 So.2d 156, 159).

Here, Ms. Liotta pled in her petition for divorce and reconventional demand that venue and jurisdiction were appropriate in Orleans Parish because both parties were domiciled there and it was their last matrimonial domicile. Ms. Liotta also signed a verification affidavit, attesting that her pleadings were true and correct, to the best of her knowledge. Notably, Ms. Liotta was represented by counsel when filing these pleadings.

Nevertheless, because subject matter jurisdiction is an issue that cannot be waived or conferred by the consent of the parties, a district court has the duty to examine the issue. *See Bernard Par. Gov't v. Perniciaro*, 2019-0604, p. 5 (La. App. 4 Cir. 3/11/20), 364 So.3d 185, 188 (quoting *Boudreaux v. State, Dep't of Transp. & Dev.*, 2001-1329, p. 8 (La. 2/26/02), 815 So.2d 7, 13). As such, we find this argument is without merit.

***Subject Matter Jurisdiction***

Next, we address whether the district court has subject matter jurisdiction over this proceeding.

"Whether a court has subject matter jurisdiction is reviewed on appeal under the *de novo* standard of review." *Lassalle v. Napoleon*, 2022-0460, p. 4 (La. App. 4 Cir. 12/20/22), 356 So.3d 74, 77 (citing *Banerjee v. Banerjee*, 17-245, p. 3 (La. App. 3 Cir. 12/13/17), 258 So.3d 699, 701). The issue

6

of subject matter jurisdiction may be raised at any time, even by the court on its own motion, and at any stage of an action. *Jordan v. Chase Bank*, 2021-0533, p. 5 (La. App. 4 Cir. 5/25/22), 366 So.3d 215, 219 (citing *Joseph v. Ratcliff*, 2010-1342, p. 5 (La. App. 1 Cir. 3/25/11), 63 So.3d 220, 224). Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. *Lassalle*, 2022-0460, p. 4, 356 So.3d at 77 (citing La. C.C.P. art. 2). A judgment rendered by a court which lacks jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.

When the lack of subject matter jurisdiction is not apparent on the face of the petition, the burden is on the mover to offer evidence in support of the exception. *Succession of Rachal*, 2021-0621, p. 10 (La. App. 4 Cir. 6/8/22), 342 So.3d 1012, 1020 (citing *Guy v. Calvit*, 2019-1675, pp. 8-9 (La. App. 1 Cir. 8/5/20), 311 So.3d 362, 368).

The Louisiana Code of Civil Procedure article 10 provides that a Louisiana trial court has jurisdiction over a divorce action, if at the time of filing, one or both of the spouses are domiciled in Louisiana. Moreover, an action for divorce "shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile." La. C.C.P. art. 3941(A). The venue in a divorce action may not be waived and a judgment rendered by a court of improper venue is an absolute nullity. La. C.C.P. art. 3941(B).

Here, it is disputed whether Mr. Catrambone is domiciled in Orleans Parish at the time of the filing of his petition for divorce. "The domicile of a natural person is the place of his habitual residence." La. C.C. art. 38. "A natural person

may reside in several places but may not have more than one domicile. In the absence of habitual residence, any place of residence may be considered one's domicile at the option of persons whose interests are affected." La. C.C. art. 39. Moreover, "[d]omicile is maintained until acquisition of a new domicile." La. C.C. art. 44. "A natural person changes domicile when he moves his residence to another location with the intent to make that location his habitual residence." *Id.*

Louisiana jurisprudence has traditionally held that domicile consists of two elements: 1) residence and 2) an intent to remain. *Loeb v. Vergara*, 2020-0261, p. 43 (La. App. 4 Cir. 1/27/21), 313 So.3d 346, 375 (citing *Landiak v. Richmond*, 2005-0758, p. 9 (La. 3/24/05), 899 So.2d 535, 542). Specifically, the circumstances that may establish "domicile include where a person sleeps, takes his or her meals, has established his or her household, and surrounds himself or herself with family and the comforts of domestic life." *Albitar v. Albitar*, 2016-167, p. 11 (La. App. 5 Cir. 6/30/16), 197 So.3d 332, 342 (citing *Lacroix v. Lacroix*, 32,293, p. 3 (La. App. 2 Cir. 9/22/99), 742 So.2d 1036, 1039).

In *Graham v. Prevost*, this Court has examined the concept of domicile:

When documentary or other objective evidence casts doubt on a person's statements regarding intent, it is incumbent on courts to weigh the evidence presented in order to determine domicile in fact. Otherwise, the legal concept of domicile is meaningless and every person would be considered legally domiciled wherever he says he is domiciled. Some of the types of documentary evidence commonly considered by courts to determine domicile in fact include such things as voter registration, homestead exemptions, vehicle registration records, driver's license address, statements in notarial acts, and evidence that most of the person's property is housed at that location.

2015-1033, p. 3 (La. App. 4 Cir. 9/29/15), 176 So.3d 1142, 1145 (quoting *Landiak*, 2005-0758, pp. 10-11, 899 So.2d at 543-44).

At the March 20, 2024 hearing, Ms. Liotta introduced the following evidence to establish that Mr. Catrambone was not domiciled in Orleans Parish and that it was not their last matrimonial domicile:

- Two photos of employees in Malta.

- December 2022 Christmas photo depicting Mr. Catrambone at the residence in Malta.

- May 2023 photo depicting the Italian Embassy Ceremony in Malta.

- Two audio recordings from June 2023.

- The April 22, 2021 Special Power of Attorney to Buy and/or Mortgage used to purchase the Palmer Avenue property, which provides that both parties reside in Malta.

- Mr. Catrambone's identification card.

- Ms. Liotta's Malta driver's license and identification card.

- Ms. Liotta's Italian passport.

- Ms. Liotta's United States spousal visa.

- Mr. Catrambone's residential lease at 249 Walnut Street in New Orleans that had a term running from August 15, 2023 to December 15, 2023.

Ms. Liotta testified that she did not believe that Mr. Catrambone had the intention of permanently returning to New Orleans because they had a mission in the Ukraine and that Mr. Catrambone could not physically be in New Orleans.

Mr. Catrambone introduced his Louisiana driver's license that reflects his address as 1711 Palmer Avenue in New Orleans. Mr. Catrambone also introduced a buyer's order form dated October 20, 2023 that reflected his purchase of a 2023 Land Rover Discovery and the Palmer Avenue address.

Mr. Catrambone testified that he applied for Italian citizenship, but has not received it. He also testified that when he moved to New Orleans in 2021, he

intended to remain there because he lived in Malta for sixteen years and missed where he was born. Mr. Catrambone attested that he and Ms. Liotta placed their house in Malta for sale for a period of time. Mr. Catrambone further testified that he went to Ukraine for an immediate business matter and to offer humanitarian services to aid the Ukrainian army. He provided that he has no intention in remaining in the Ukraine because the country is in a state of war and dangerous to live.

Here, the record reveals that Mr. Catrambone's travels significantly as a result of his work. While there is testimony that Mr. Catrambone applied for Italian citizenship and does humanitarian work in the Ukraine, the record is devoid of any evidence showing Mr. Catrambone's intent to relinquish his Orleans Parish domicile. A person may reside in several places, but he may not have more than one domicile. *See* La. C.C. art. 39. The record provides sufficient evidence that Mr. Catrambone's domicile is in Orleans Parish, as such, we find that the district court erred in maintaining Ms. Liotta's exception of lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, we vacate the district court's February 20, 2024 order and reverse the district court's June 7, 2024 judgment that dismissed Mr. Catrambone's petition for divorce with prejudice and remand this matter for further proceedings.

**FEBRUARY 20, 2024 ORDER VACATED; REVERSED AND REMANDED**